Bethel Park Minimall, Inc., John Roth, t/a R. J. Roth Company, and Higbee Corporation *v.* Borough of Bethel Park, Ralph Bowen, Borough Manager, and Richard Rigot, Building Inspector, and Bethel Park Borough Council, Appellants.

Argued September 11, 1974, before Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Owen B. McManus,* with him *Brandt, McManus, Brandt & Malone,* for appellants.

*David W. Craig,* with him *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig,* for appellees.

OPINION BY JUDGE KRAMER, October 16, 1974:

This is an appeal filed by the Borough of Bethel Park, Ralph Bowen, Borough Manager, Richard Rigot, Building Inspector, and Bethel Park Borough Council (hereinafter collectively referred to as Bethel Park) from an order of the Court of Common Pleas of Allegheny County dated June 20, 1974 in which the court rejected a condition to a site plan approval for Bethel Park Minimall, Inc., John Roth, t/a R. J. Roth Company, and Higbee Corporation (hereinafter collectively referred to as Minimall). Minimall is the owner of about eight acres located in a C-2 general commercial district zoning area of Bethel Park Borough. On March 24, 1974, Minimall filed with the Borough a subdivision and land development plan together with a site plan for a shopping center on its property.[1] As a result of conferences with the Borough's Planning Commission, changes and additions, including a public sewer easement without compensation, were made to the

---

[1] Different proposals had been made in 1972 for the site, but these had been withdrawn.

proposal. In April or May of 1974, the Planning Commission forwarded to the Borough Council its approval of the subdivision and land development plan but, due to a tie vote, the site plan was forwarded without approval. On May 13, 1974, the Borough Council disapproved the subdivision plan and failed to act on the site plan. The Borough's Building Inspector refused to issue building permits.

On May 23, 1974, Minimall filed a complaint in mandamus against Bethel Park seeking the issuance of the permits necessary to allow Minimall to proceed with the project. Minimall also filed a petition for a rule to show cause why a motion for a summary judgment in mandamus should not be granted. On June 5, 1974, the Borough Council approved the subdivision and land development plan but again failed to act on the site plan. On June 7, 1974, Bethel Park filed answers to both the petition and the complaint. A hearing was held before the court below on June 10, 1974, as a result of which the court, on that same day, issued an order directing Bethel Park to "consider and take action upon plaintiffs' [Minimall's] site plan pursuant to the zoning ordinance." On the evening of that same date, June 10, 1974, the Borough Council voted to deny approval of the site plan. When that action was reported to the court below on June 12th, counsel for the Borough explained that Council could not take action without a recommendation from the Borough's Planning Commission. Therefore, the court issued a new order on June 12, 1974, directing the Planning Commission to take action on or before June 18, 1974, directing the Borough Council to take action on or before June 19, 1974, and directing counsel to submit a report to the court on June 20, 1974. On June 12, 1974, the Planning Commission voted to approve the site plan and on June 18, 1974, Borough Council approved the site plan but added the following condition to its approval: ". . . subject to

the restrictions and recommendations of Anthony J. Gaeta, District Engineer in his letter of August 2, 1972, which shall be part of this motion and record. Also the letter of April 22, 1974 over the signature of W. H. Shurlock for A. J. Gaeta, District Engineer of Penn-Dot." Apparently the 1972 "PennDot" (Pennsylvania Department of Transportation) letter referred to Mini-mall's prior 1972 proposal which had been withdrawn. The second letter dated April 22, 1974 apparently referred to a feasibility study by PennDot in connection with the proposed development submitted by Minimall in this case. Both letters concerned traffic controls on Route 88, a state highway adjacent to Minimall's proposed development.

When the Borough Council's action of June 18, 1974 was reported to the lower court on June 20, 1974, the court felt constrained to add a final order on that same date. In the June 20, 1974 order, which is the subject of this appeal, the lower court apparently concluded that the Borough Council's action constituted compliance with its prior order, because the order stated that the Council's action "effected the approval of the site plan." The June 20, 1974 order also stated, however, that the condition attached to the Borough Council's approval "shall not constitute a condition on the site plan approval."[2] The order of the court below contained the following rationale for the decision to void the Borough Council's condition: "It is the function of the State Highway Department to determine traffic patterns on state highways. It is, of course, a proper function for the Borough Council to recommend a traffic pattern to the State Highway Department which the Borough Council believes to be suitable, but it may not attach such a condition to site plan approval where

---

[2] In its appeal to this Court, Bethel Park does not contend that if the above-quoted condition is voided the approval of the site plan must also be voided.

the site plan otherwise complies with the provisions of the Borough Zoning Ordinance."

Bethel Park, in its appeal to this Court, argues that the court below did not have the power in an action in mandamus "to control the exercise of discretion by a municipal body." In *Larson v. Peirce Junior College,* 11 Pa. Commonwealth Ct. 271, 314 A. 2d 572 (1973) this Court held that mandamus is proper to compel a municipality to exercise its discretion so as to arrive at some decision, but that mandamus is not proper to control the result of the exercise of that discretion. In this case, the court below only directed that some action, either approval or disapproval, be taken. It did not attempt to control the result in any manner.

The basic issue involved in this case is whether or not it was proper for Borough Council to attach the above-quoted condition to its approval of Minimall's site plan. We have read and reread this short record and we conclude that although it may have been proper for Bethel Park to include some condition on "safety and convenience of traffic movement," as provided for in Section 405 of the Borough's zoning ordinance, it was improper for Bethel Park to condition its approval of Minimall's site plan by referring to PennDot letters concerning a different plan filed two years previously and an incomplete feasibility study. A state highway is involved in this case and Section 420 of the State Highway Law, Act of June 1, 1945, P. L. 1242, *as amended,* 36 P.S. §670-420, makes it clear that the Secretary of Highways is the authority empowered to control the direction of traffic on all state highways. Ultimately, the question of whether patrons of the Minimall Shopping Center will be permitted to make turns or required to stop for traffic signals will be controlled by the Secretary of Highways and not by Bethel Park.

This Court advanced argument in this case because of the possibility that financing, leases and approxi-

mately 300 positions of employment might be lost, if this matter is not promptly determined. It appears to us from a reading of this record that Bethel Park does not have any serious reservations about permitting Minimall to proceed with its project. It appears, rather, that in spite of everyone's good intentions to proceed in a reasonable fashion, the matter has been delayed because of the red tape inherent in our system of land use development laws and regulations. The record indicates that Minimall has complied with all of the requirements necessary for approval of its proposed development, so that it now should be granted the permits necessary to permit it to proceed subject, of course, to all of the other zoning regulations of Bethel Park Borough.

In summary, we hold that, under the facts of this case, the court below had jurisdiction to entertain an action in mandamus, and that the orders of the court below were proper. Therefore, the order of June 20, 1974 is affirmed.