Peter Carlino and Elizabeth Carlino, his wife, Plaintiffs *v.* Whitpain Investors, Whitpain Township, Whitpain Township Board of Supervisors and Pennsylvania Department of Transportation, Defendants.

Argued April 7, 1980, before Judges Blatt, Craig and Williams, Jr., sitting as a panel of three.

*Edward J. Hughes*, for plaintiffs.

*John M. Hrubovcak*, Assistant Attorney General, with him *Ward T. Williams*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for Commonwealth of Pennsylvania, defendants.

*Marc B. Kaplin*, with him *Howard Gershman*, for Whitpain Township and Whitpain Township Board of Supervisors, defendants.

*Irving L. Mazer*, for Whitpain Investors, defendant.

OPINION BY JUDGE CRAIG, June 11, 1980:

Peter Carlino and his wife (petitioners) instituted this action for a preliminary injunction to require (1) that the Pennsylvania Department of Transportation (PennDOT) revoke a highway occupancy permit it had issued to Whitpain Investors (developer); (2) that developer, on its forty-seven acre tract, restore a special setback and eliminate a particular access road; and that (3) Whitpain Township (township) refrain from conditioning developer's permit to construct a multi-family complex on the tract upon provision of such an access road.[1]

PennDOT has filed preliminary objections raising a question of petitioners' standing, the defense of sovereign immunity, and a demurrer. The township and developer have also filed preliminary objections in which they demur to petitioner's complaint. Of course, preliminary objections admit as true all facts properly pleaded, as well as all inferences reasonably deducible therefrom.

Developer's forty-seven acre tract of land is located between Narcissa Road, Township Line Road and Stenton Avenue in Whitpain Township, Mont-

---

[1] The Court of Common Pleas of Montgomery County, by an order dated October 22, 1979, transferred this matter to this court.

gomery County. Petitioners' complaint alleges that on May 31, 1973, the township rezoned developer's tract from its former R-1 classification to R-3 multi-family, that the rezoning was accompanied and therefore made conditional upon a stipulation of the previous owner that no access road to Stenton Avenue would be permitted, and that a 300-foot buffer would be provided from the right-of-way line of Stenton Avenue.

Developer is constructing a 376-unit apartment complex on the tract, the Stenton Avenue side of which is near petitioners' residence. In paragraph 11 of their complaint, petitioners allege that the township breached the terms of the "conditional rezoning" by conditioning its approval of the developer's development plan for the apartment complex upon provision of an access road to Stenton Avenue. As averred in the complaint, PennDOT on April 25, 1978 granted a driveway permit to developer for access to Stenton Avenue from the apartment complex, upon the basis of an allegedly erroneous traffic survey and without an environmental impact study.

Logically, we must first consider whether or not petitioners have standing to sue PennDOT. Standing to challenge governmental action requires that the challenger show that he faces injury to a substantial legal interest. Moreover, he must qualify the interest as immediate rather than remote by showing a sufficiently close causal connection between the challenged action and the asserted injury. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975).

The issue before us is whether petitioners' allegations in paragraph 13—that PennDOT's allowance of an access road to Stenton Avenue, without proper studies, will cause inconvenience, substantially impair petitioners' use and enjoyment of their premises, and result in a substantial and incalculable reduction in

the value of their premises not compensable in damages—are sufficient to confer standing to challenge PennDOT's action. We hold that they are not.

We follow the principles evinced in *Wolf v. Department of Highways*, 422 Pa. 34, 220 A.2d 868 (1966). In *Wolf*, an eminent domain case, a landowner argued that, although proposed construction on a highway abutting his business property did not deny access to his property, it did require circuity of travel to reach a point of access to the property. The landowner reasoned that business which might have been reasonably expected to be generated would be considerably diminished and that such diminution should be considered as an element in determining the after value of the property. Refusing to do so, the Supreme Court held that an abutting property owner on a public highway does not have any property interest in the public highway other than a reasonable right of ingress or egress. Moreover, all traffic on public highways is controlled by the police power of the state, so that an abutting owner can possess no interest in having a particular flow of traffic on that highway.

Correspondingly, an abutting owner cannot have an interest sufficient to bar the state from allowing additional traffic on the highway, particularly when it is traffic related exclusively to another abutting property. Thus, the residential landowners here do not have a substantial legal interest which would be injured by allowing construction of the access road. Therefore, they lack standing to challenge PennDOT's granting of the driveway permit to the developer.

The demurrers raised by the preliminary objections of the township and the developer clearly should also be sustained.

Petitioners' complaint alleges only that a "stipulation" as to the access and buffer, by developer's predecessor in title to the township made the 1973 re-

zoning conditional; no restrictive covenant or equitable servitude is alleged. Nor does petitioner allege any privity of contract between the former owner or the developer and the objecting neighbors, as in *Wood v. Goldvarg*, 365 Pa. 92, 74 A.2d 100 (1950); hence an equity action by these neighbors to enforce a contract with them is not involved.

Moreover, no representation or stipulation in getting the rezoning can limit the effect of the township's zoning district classification. A municipality's police power cannot be subjected to a bargain which limits or conditions its zoning district regulations as to a particular property.

Although this brand of so-called "contract zoning" appears not to have emerged in the Pennsylvania appellate cases,[2] Pennsylvania courts adhere to the proposition that individuals cannot by contract abridge the police powers of the Commonwealth which protect the general welfare and the public interest. *Blythe Township Municipal Authority v. Public Utility Commission*, 199 Pa. Superior Ct. 334, 185 A.2d 628 (1962). Also, we find a persuasive analysis in *Zahodiakin Engineering Corp. v. Zoning Board of Adjustment of the City of Summit*, 8 N.J. 386, 86 A.2d 127 (1952). There the New Jersey Supreme Court stated:

Zoning is an exercise of the police power to serve the common good and general welfare. It is elementary that the legislative function may not be surrendered or curtailed by bargain or

[2] *Gladwyne Colony, Inc. v. Township of Lower Merion*, 409 Pa. 441, 187 A.2d 549 (1963), dealt with an allegation of "contract zoning" in the sense of a developer proposing to give consideration (parkland) to a municipality in return for a zoning amendment, without special limitations or conditions. That is different from the present case, where the "contract" would consist of special limitations affecting the zoning amendment in respects which the landowner accepts in order to have the amendment enacted.

its exercise controlled by the considerations which enter into the law of contracts. . . .

8 N.J. at 394-95, 86 A.2d at 131-32.

Moreover, in *Houston Petroleum Co. v. Automatic Products Credit Association, Inc.,* 9 N.J. 122, 87 A.2d 319 (1952), the New Jersey court, on facts similar to those presently before us, held that contracts have no place in a zoning plan and a contract between a municipality and a property owner should not enter into the enactment or enforcement of zoning regulations. That view was followed in *Palisades Properties, Inc. v. Brunetti,* 44 N.J. 117, 207 A.2d 522 (1965).[3]

Finally, the regulation of state highways is the province of PennDOT and cannot be limited by municipal zoning actions. *See Bethel Park Minimall, Inc. v. Borough of Bethel Park,* 16 Pa. Commonwealth Ct. 97, 326 A.2d 670 (1974).

Accordingly, we sustain the preliminary objections and will dismiss the action.

### ORDER

AND Now, this 11th day of June, 1980, the preliminary objections are sustained and this action is dismissed.

---

[3] Some jurisdictions have held contract zoning to be a valid exercise of the police power. *See Church v. Islip,* 8 N.Y.2d 254, 168 N.E.2d 680 (1960).