The Board of Supervisors of Lower Nazareth Township, Appellant *v.* Gus Karaliotis and Jean Karaliotis, his wife, t/a Newburg Snack Bar, Appellees.

Submitted on briefs, March 4, 1982, to Judges CRAIG, MACPHAIL and DOYLE, sitting as a panel of three.

*Gregg E. Mayrosh, Cohn & Mayrosh,* for appellant.

*Gus Milides,* for appellees.

OPINION BY JUDGE CRAIG, March 31, 1982:

The Township of Lower Nazareth appeals from an order of the Court of Common Pleas of Northampton County, sustaining the appeal of Mr. and Mrs. Gus Karaliotis by striking certain conditions from the township's approval of their final subdivision plan.

Initially, the township's board of supervisors had granted preliminary approval to the Karaliotis' proposed subdivision plan for a fast-food eating establishment, subject to five conditions, including requirements that an exit onto Route 191, a state highway, be reduced from twenty-two feet to fourteen feet in width, and that a traffic study be conducted by the Karaliotises six months after the commencement of the business operation.

Later the township granted final subdivision approval subject to the same conditions and also to additional conditions, including a requirement that the Karaliotises be responsible for the installation cost of any traffic control devices which may be recommended and approved by the Pennsylvania Department of Transportation (PennDOT). Pursuant to subsequent appeal by the Karaliotises, the lower court struck some of the conditions of final approval, primarily those relating to the traffic matters.[1]

Three general questions arise here, all involving interpretation of the Pennsylvania Municipalities

_____

[1] The lower court struck conditions 3, 4, 5 and 6 of the township's resolution granting final approval. These conditions involved the limitation of the use of the facility, the width of the southern-

Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10101-11202:

    1. May a municipality add a condition to its final approval of a subdivision plan if that condition was not incorporated in the preliminary approval?

    2. Does a landowner waive the right to challenge the imposition of a condition attached to preliminary approval if the landowner first challenges that condition only after final approval?

    3. Can a municipality impose a condition requiring approval by a state agency in the form of a permit where that agency refuses to grant the permit under the terms required by the municipality?

1. The Additon of a Condition to Final Approval After Preliminary Approval Has Been Granted

    Section 508(4) of the MPC[2] clearly provides, in pertinent part, that:

> [W]hen a preliminary application has been duly approved, the applicant shall be entitled to final approval in accordance with the terms of the approved preliminary application as hereinafter provided.

    Thus, a municipality is not permitted to incorporate additional conditions in its final approval unless (a) the landowner accepts the additional conditions, *Board of Commissioners of Annville Township v.*

---

most entrance/exit lane on Pennsylvania Route 191, the requirement that a traffic study be conducted by the Karaliotises six months after the commencement of business operations and the requirement that the Karaliotises be responsible for the installation cost of any traffic control devices.

[2] 53 P.S. §10508.

*Livengood,* 44 Pa. Commonwealth Ct. 336, 403 A.2d 1055 (1979), or (b) the conditions involve procuring a state agency permit needed, by law, to begin implementation of the development. *Traymore Associates v. Northampton Township,* 24 Pa. Commonwealth Ct. 564, 357 A.2d 729 (1976); *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton,* 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975).[3]

## 2. Landowner's Right to Challenge a Condition Attached to Preliminary Approval Only After Final Approval

Section 1006(1)(a) of the MPC[4] provides:

(a) From a decision of the governing body or planning agency under a subdivision or land development ordinance the landowner may appeal directly to court or to the zoning hearing board under section 913.1 in cases where that section is applicable. If the municipality provides a procedure, formal or informal, for the submission of preliminary or tentative plans an adverse decision thereon shall, *at the landowner's election,* be treated as final and appealable. (Emphasis supplied)

The language of the subsection clearly provides that the landowner need not treat preliminary approval as final, and therefore he may first challenge conditions attached to preliminary approval after final approval has been granted.

---

[3] The barring of a municipality from incorporating additional conditions on its final approval presupposes the absence of fraud perpetrated by the developer or any intentionally misleading statements or glaring irregularities in the developer's preliminary plan. *See Ridgeview Associates v. Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 459, 465, 333 A.2d 249, 251 (1975).

[4] Act of June 1, 1972, P.L. —, 53 P.S. §11006.

## 3. Municipality's Authority to Impose a Condition That Requires State Agency Approval in the Face of State Agency Refusal

At issue is whether the township can require the Karaliotises to establish an entrance/exit lane on Pennsylvania Route 191, a state highway, that is fourteen feet in width when PennDOT insists that it will only grant a driveway permit if the land is twenty-two feet in width.

The regulation of state highways is the province of PennDOT and therefore issues involving ingress and egress from state highways are for the determination of PennDOT rather than the local municipality. *Bethel Park Minimall, Inc. v. Borough of Bethel Park,* 16 Pa. Commonwealth Ct. 97, 326 A.2d 670 (1974).[5]

Thus the township may limit the width of a driveway, entering a state highway, only to the extent that PennDOT ultimately will permit.

Of the four remaining conditions that were attached to both preliminary and final approval, one was stricken upon stipulation of the parties[6] and another was expressly agreed upon by the Karaliotises.[7] The two remaining conditions[8] involving supplemental data under Section 2.204(a)(24) of the township's

[5] The township attempts to establish its right to supersede PennDOT by citing *Breinig v. Allegheny County,* 332 Pa. 474, 481, 2 A.2d 842, 847 (1938), where the court observed:

[I]n highly congested areas, the right of vehicular access may be reduced to a minimum, and be so limited as to exclude the right to maintain driveways immediately fronting the property, where it is possible to locate them elsewhere. . . .

In this case, access cannot be elsewhere than on Route 191.

[6] Condition 3 of final approval limits the use of the proposed facility to retail sales of food.

[7] Condition 5 of final approval, providing for a traffic study, was accepted by Karaliotis' counsel by letter dated May 30, 1979.

[8] Conditions 1 and 2 of final approval.

subdivision and land development ordinance were properly retained by the lower court.

### ORDER

Now, March 31, 1982, the order of the Common Pleas Court sustaining the appeal of Mr. and Mrs. Gus Karaliotis is affirmed to the extent that it strikes conditions 3, 4 and 6 of the resolution approving final subdivision plan, and to the extent that it retains conditions 1 and 2, but the order is reversed to the extent that it strikes condition 5 of final approval and retains conditions 7 and 8. Thus, final approval remains subject only to conditions 1, 2 and 5.

### ORDER

Now, July 20, 1982, pursuant to order of the President Judge dated June 2, 1982, granting reconsideration, and upon consideration of appellees' application and appellant's answer thereto, it is concluded from the record that (1) appellant raised no question concerning acceptance of condition 5 as a basis for reversing the common pleas court order striking that condition, and (2) appellees took no appeal from the common pleas court order which did not strike conditions 7 and 8;

THEREFORE, it is ORDERED that this court's order of March 31, 1982 is hereby vacated and, in lieu thereof, the order of the Court of Common Pleas of Northampton County dated February 19, 1981 is hereby affirmed without modification.