**Francis ICE, Robert Beer and Alice Beer,**

v.

**CROSS ROADS BOROUGH, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 8, 1997.
Decided May 28, 1997.

Charles A. Rausch, York, for appellant.

Debra MH McLaughlin, York, for appellees.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

---

8. The court may remand the case to the trial court to determine such fees. Pa. R.A.P. 2744.

RODGERS, Senior Judge.

Cross Roads Borough (Borough) appeals from an order of the Court of Common Pleas of York County that ordered the Borough not to interfere with Francis Ice's, Robert Beer's and Alice Beer's (Plaintiffs) use of their driveways or maintain any enforcement proceedings and/or fines against Plaintiffs. We reverse.

The following findings of fact were issued by the trial court, based on a stipulation entered into by the parties and on testimony given at trial. On May 18, 1992, Plaintiffs purchased a property located in Holly Tree Court development, the lot being formerly known as Lot 1 of the final subdivision plan approved by the Borough. In October of 1992, Plaintiffs began construction of a duplex in the center of the property facing Main Street, a state highway, but constructed a driveway that accessed Holly Tree Court, a subdivision road. The general notes on the subdivision plan state, *inter alia*, that Lots 1 and 5 are to ingress and egress onto Holly Tree Court and not onto Main Street[1] and that a highway occupancy permit is required pursuant to Section 420 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670-420, before access to a state highway is permitted. Neither the deed to the property nor the declaration of restrictions for the development contained a covenant or condition restricting Lot 1 from accessing Main Street.

Prior to erecting the duplex, Plaintiffs were issued a building permit by the Borough's Codes Enforcement Officer. The permit included the statement that "DRIVEWAY MUST BE ON HOLLY COURT." (Reproduced Record (R.R.), p. 18a.) In a letter, dated November 10, 1992, Plaintiffs acknowledged that the driveway entrance to their property must merge with Holly Tree Court and not Main Street. (R.R. p. 20a.) However, on August 30, 1992, Plaintiffs appealed to the Department of Transportation (Department) requesting permission to construct two driveways providing access to Main Street. The Department issued the permits and Plaintiffs constructed the two driveways.

On December 9, 1992, the Borough's zoning officer notified Plaintiffs that the construction of the new driveways were in violation of Section 404(e) of the Borough's Subdivision and Land Development Ordinance. Plaintiffs filed a declaratory judgement action requesting that the trial court determine that the Borough had no basis to interfere with Plaintiffs' right to use their driveways as granted by the Department and that the Borough be prohibited from proceeding with enforcement actions and/or fines related to the use of the driveways. The Borough filed a motion for judgement on the pleadings, which was denied by the trial court, based upon a conclusion that the state regulations indicate a preemption regarding the location of entrances to state highways.

After a non-jury trial, the trial court concluded that: (1) the Department had exclusive authority and jurisdiction over access to a state road from adjoining properties; (2) the Department's power to regulate access to state highways from adjoining properties cannot be limited by township ordinances; (3) an agreement by a subdivider to a condition of subdivision approval to prohibit access from abutting subdivided lots to a state highway is not binding upon the Department nor enforceable in the face of the Department's issuance of a permit to such property holder; and (4) the Borough may not interfere with Plaintiffs' use of their driveways to the state highway or maintain any enforcement proceeding and/or fines against Plaintiffs. The trial court's final decree was entered after the Borough's post-trial motions were denied.

■ The Borough now appeals to this Court,[2] arguing that it cannot be prevented

---

1. This prohibition entitled General Note 8 on the subdivision plan was required by the Borough as a result of a recommendation from the York County Planning Commission.

2. Our scope of review in equity matters is limited. The chancellor's determination must not be disturbed on appeal unless it is not supported by substantial evidence, an error of law has been committed or the chancellor has abused his discretion. *Doylestown Township v. Teeling*, 160 Pa.Cmwlth. 397, 635 A.2d 657 (1993), *petition for allowance of appeal denied*, 539 Pa. 697, 653 A.2d 1234 (1994).

from enforcing a condition on a subdivision plan that restricts access to a state highway, i.e., the law giving the Department authority over state highways has not provided for the preemption of the field. The Borough does not dispute that regulation of state highways is the province of the Department, but suggests that Plaintiffs' right to obtain a highway access permit has been waived.

■ The Borough relies on Section 508(4)(ii) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10508, which permits the imposition of conditions on subdivision approvals. The Borough cites *Teeling* and *Bonner v. Upper Makefield Township*, 142 Pa.Cmwlth. 205, 597 A.2d 196 (1991), for the proposition that the MPC specifically permits the imposition of agreed upon conditions on subdivision approvals. Moreover, once the condition is accepted and the plan is recorded the condition runs with the land and binds all subsequent purchasers even if the condition is not specifically set forth in the deed conveying the lot created by the subdivision. *Teeling*. Based upon the above statements of the law, the Borough argues that the trial court erred in holding that the State Highway Law preempts Section 508 of the MPC.

The Borough contends that the Department's authority is not voided because the original developer agreed to the restriction, only that the developer waived his right and the rights of subsequent purchasers to invoke the Department's authority. Thus, the Borough believes that its right to enforce the subdivision restriction cannot be abrogated by the issuance of the permits by the Department.

In response, citing *Carlino v. Whitpain Investors*, 52 Pa.Cmwlth. 145, 415 A.2d 461 (1980), *aff'd*, 499 Pa. 498, 453 A.2d 1385 (1982) and *Bethel Park Minimall, Inc. v. Borough of Bethel Park*, 16 Pa.Cmwlth. 97, 326 A.2d 670 (1974), a case relied upon in *Carlino*, Plaintiffs argue that the regulation of state highways is the province of the De-

partment and cannot be limited by municipal zoning actions. Although the *Carlino* court makes this statement, Plaintiffs misconstrue the effect of the court's reasoning. *Carlino* concerns an issue about "contract zoning" and the opinion notes that Pennsylvania courts have held that an individual cannot by contract abridge the police powers of the state which protect the general welfare and the public interest. However, the opinion also notes that no restrictive covenant or equitable servitude was alleged in the complaint, as it was here.

The court in *Bethel Park* explained that the municipality could not condition its approval of a site plan on letters from the Department issued on a different traffic plan submitted two years earlier and that the Department, not the municipality, had the authority to control traffic patterns on state highways. However, the decision in *Bethel Park* hinged on the erroneous basis for the municipality's conditional approval. Again this case did not decide whether a restriction in a subdivision plan agreed to by the subdivider and the subsequent purchaser could be overridden by the grant of a permit by the Department.

In *Hardee's Food Systems, Inc. v. Department of Transportation*, 495 Pa. 514, 434 A.2d 1209 (1981), a case relied upon by the trial court here, the municipality granted the landowner rights to ingress and egress from a state highway, but the Department denied that access without a hearing. The Supreme Court held that a landowner cannot be deprived of a constitutionally protected property right by the Commonwealth's exercise of its police power without a hearing. Thus, the case was remanded to provide the landowner an opportunity to be heard.

In holding that the Department's authority preempts the field of access to state highways, the trial court here focused on the following language in the *Hardee's* opinion: "[t]he lot in question is bounded on the east and west by township roads and on the north by Old Gettysburg Road, a state highway

over which PennDOT has exclusive authority and jurisdiction." *Id.* at 516, 434 A.2d at 1210. However, the *Hardee's* opinion also stated that while the Commonwealth may prohibit vehicular access under the police power, in appropriate circumstances, "[w]e have long recognized that municipalities may, under the police power, severely limit, or even eliminate, the right of direct access onto a public street—at least where other available access exists." *Id.* at 518, 434 A.2d at 1211. The *Hardee's* court further opined that:

> Since a municipality's power to regulate and maintain public roads within its boundaries under the general police power devolves from the state, ... it is clear that the Commonwealth may prohibit vehicular access to and from abutting property to promote and protect the public health, safety, and welfare—especially upon highways under its exclusive jurisdiction.

*Id.* at 519, 434 A.2d at 1211 (citations and footnote omitted).

The trial court here noted that the Department derives its regulatory authority from Section 420 of the State Highway Law, 36 P.S. § 670–420, which states that:

> (a) The secretary is empowered to make reasonable rules and regulation governing the use of all State highways, and by the placement of official traffic control devices, or curbs, medians or other physical barriers, may control the flow of traffic thereon.

The trial court also reviewed the specific language of various Department regulations enacted pursuant to the State Highway Law. The portions cited by the trial court show the interplay between the State Highway Law and other laws enacted by either federal, state or local authorities. For example, 67 Pa.Code § 441.2 requires permittees to secure approvals or permits that may be required by law from federal, state or local authorities. 67 Pa.Code § 441.3(j) provides for review by municipalities, planning commissions and zoning boards, indicating that the Department will consider comments or recommendations from the reviews by these entities before approving an access permit. Finally, 67 Pa.Code § 441.6(2)(i)(F) states that:

> (2) **Additional restrictions.** All work authorized by the permit shall be subject to the following:
>
> > (i) All applicable laws, rules and regulations, including but not limited to the following:
>
> . . . .
>
> > (F) Ordinances enacted by local municipalities which contain more stringent minimum safety requirements than this chapter.

Thus, the Department's own regulations recognize that its highway access permits are subject to ordinances enacted by local municipalities which contain more stringent minimum safety requirements. Here, Section 404(e) of the Borough's Subdivision and Land Ordinance states that "Subdivisions shall be designed to eliminate driveways, where possible, abutting state highway routes." (R.R. p. 40a.)

After reviewing the opinions in *Carlino*, *Bethel Park* and especially in *Hardee's*, we find that the reasoning employed by the courts in these cases is helpful, but that none of the cases control the outcome of the issue before us. Moreover, we do not conclude that these opinions, the law authorizing the Department to regulate state highways or the Department's regulations enacted pursuant to that law signify an intent for the Department to preempt the field. There is no specific language in these cases, in the law or in the regulations that prohibit a municipality from enacting more stringent requirements for access; indeed, the Department's own regulations authorize such requirements.

In *Hardee's*, the municipality agreed that a landowner could access a state road and the Department erroneously denied that access. In the case before us, the opposite situation occurred; the Department granted access, but the municipality denied access pursuant to the subdivision restriction. None of the cases cited by the parties show a factual pattern similar to the one before us, where the municipality denies what the Department grants.

Because of the Department's authority, it is clear that a landowner cannot be granted access to a state highway by a municipality alone; the landowner must have permission from the Department also. Furthermore, if a municipality has no ordinances that in any way regulate access to roads within its boundaries, then the Department's permit alone would be enough to permit access to state highways. However, if a municipality has ordinances, as in the case here where the Borough's subdivision ordinance allowed for the condition limiting access to only subdivision roads, then a landowner seeking access to a state highway must be given permission for this access by both governmental entities. If either entity has a legitimate basis for denial, then the access cannot be granted.

Accordingly, we reverse.

### ORDER

NOW, May 28, 1997, the order of the Court of Common Pleas of York County, at No. 93–SU–05530–08, dated September 18, 1996 is reversed.

