Hardee's Food Systems, Inc., Petitioner v. Commonwealth of Pennsylvania, Department of Transportation and Township of Lower Allen, Respondents.

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Ronald M. Katzman,* of *Goldberg, Evans & Katzman,* for petitioner.

*John M. Hrubovcak,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for Department of Transportation, respondent.

*Robert E. Yetter,* of *Metzger, Wickersham, Knauss & Erb,* for Lower Allen Township, respondent.

OPINION BY JUDGE WILKINSON, JR., April 7, 1980:

Hardee's Food Systems, Inc. (petitioner) seeks review of a determination of the Department of Transportation (Department) denying Highway Occupancy Permits for the construction of two driveways from their property to Old Gettysburg Road, a state highway. We affirm.

Petitioner would like to develop a certain lot of land located in Lower Allen Township (township) for purposes of a fast food restaurant outlet. The lot in question is bounded on the east by Lebanon Avenue, on the west by Hartzdale Drive, and on the north by Old Gettysburg Road. The first two roads are under the township's jurisdiction; the third, as indicated above, is a state highway under the jurisdiction of the Department.

In pursuance of its development, petitioner submitted plans and documents to township officials who ultimately approved a development plan allowing access to the property from Hartzdale Drive and Old Gettysburg Road where as a residential property Lebanon Avenue provided the only access.[1] Petitioner

---

[1] In discussions between the Department and the township the Department made it clear that no curb cuts would be permitted on Old Gettysburg Road in light of the prevailing traffic conditions.

thereafter applied to the Department for the necessary driveway permits for two curb cuts on Old Gettysburg Road. The Department's District Engineer, by letter dated May 7, 1979, denied the requested access "[i]n light of the high volume of traffic and the fact that the property has access to two township streets." It is that determination to which the instant petition for review is addressed.

In the instant case, therefore, we are not faced with action by the state or one of its subdivisions which threatens to diminish or cut off already existing access to a state highway as in *Wolf v. Department of Highways*, 422 Pa. 34, 220 A.2d 868 (1966); *McCrady Case*, 399 Pa. 586, 160 A.2d 715 (1960); *Tracy v. Department of Transportation*, 43 Pa. Commonwealth Ct. 218, 402 A.2d 286 (1979). Instead we are faced with a situation in which a landowner seeks newly acquired access to a state highway for its property which is bounded on two other sides by township roads, one of which had previously provided the primary means of ingress and egress.

Petitioner recognizes, as it must, the Department's authority and responsibility to regulate and prescribe reasonable rules to govern the use of all state highways.[2] Balanced against the public's right to a safe and efficiently regulated state highway system are the rights of abutting landowners to secure and maintain reasonable access to such state roads. *See Breinig v. Allegheny County*, 332 Pa. 474, 2 A.2d 842 (1938).

Our Supreme Court in *Breinig* recognized that dangerous and congested traffic conditions might appro-

---

[2] The Secretary of the Department is authorized by Section 420 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. §670-420 to prescribe such reasonable rules and regulations. Section 420 has been recently amended, but for present purposes no material change was effected. *See* Act of December 13, 1979, P.L.    , No. 117.

priately require a diminution or elimination of an abutting owner's right of access where alternate means of access exist. As Chief Justice KEPHART observed, "[I]n highly congested areas the right of vehicular access may be reduced to a minimum, and be so limited as to exclude the right to maintain driveways immediately fronting the property, where it is possible to locate them elsewhere. . . ." *Id.* at 481, 2 A.2d at 847. In the present factual situation it is readily apparent that other means of access exist. As we have already noted, the property as a residence was serviced by a driveway on Lebanon Avenue. The township has given approval to entry from Hartzdale Drive.

The Department's discretion in this area is not, of course, unfettered; but our scope of review is manifestly limited.

> [S]uch acts of regulation, or limitation of rights, under the police powers must be reasonable. They cannot be sustained if they are capricious, arbitrary, or unduly delimit and unreasonably intermeddle with the rights of an abutting property owner. When the county or other authorities so act it is not within the scope of the police power.

> Ordinarily the determination of this question is a legislative or executive matter, and the presumption is established that these officials act lawfully in exercise of their discretion. But it is nevertheless the duty of the judiciary to inquire into that exercise, and if it is found the discretion of these other branches of government has been abused, we interfere immediately to relieve against oppressive and arbitrary action. This happens only when the asserted exercise of the police power is manifestly unreasonable, arbitrary or discrimina-

tory, and the action of the officers patently unreasonable or oppressive. (Footnotes omitted.) *Id.* at 483-84, 2 A.2d at 848.

We have examined the Department's actions in the instant case and are unpersuaded that those actions transgress the standard enunciated in *Breinig* or any of the cases cited by petitioner.

Accordingly, we will enter the following

ORDER

AND Now, April 7, 1980, the Petition for Review filed by petitioner, Hardee's Food Systems, Inc. to the determination of the Department of Transportation contained in the May 7, 1979 letter from District 8-0 Engineer, Robert L. Keller, P.E. denying the requested access to Old Gettysburg Road from the property in question is hereby dismissed.