Township of Lower Allen, Appellant *v.* Hardee's Food Systems, Inc., Appellee.

Argued April 10, 1981, before Judges BLATT, WIL-LIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Robert E. Yetter, Metzger, Wickersham, Knauss & Erb,* for appellant.

*Ronald M. Katzman, Goldberg, Evans & Katzman,* for appellee.

OPINION BY JUDGE MACPHAIL, June 17, 1981:

On December 11, 1978, the Commissioners of Lower Allen Township, Cumberland County, Pennsylvania (Commissioners) approved a subdivision plan for a tract of land purchased by Hardee's Food Systems, Inc. (Hardees) upon which Hardees plan to build a restaurant. The tract is zoned C-G, Commercial General District. Its southern boundary abuts an R-2 Residence District (Multi-Family Dwellings). On the

north, the tract is bounded by Old Gettysburg Road, on the east by Lebanon Avenue and on the west by Hartzdale Drive. There is a traffic light at the intersection of Hartzdale Drive with Old Gettysburg Road.

On March 12, 1979, the Commissioners approved the application for use by Hardees but limited ingress and egress off Old Gettysburg Road to eastbound traffic and ingress and egress off Hartzdale Drive to traffic in the northbound lane. No ingress or egress was provided for Lebanon Avenue traffic. Hardees did not appeal that action by the Commissioners.

In a separate proceeding, however, the Pennsylvania Department of Transportation (PennDot) denied Hardees all access to Old Gettysburg Road noting that the property as a residence was serviced by a driveway on Lebanon Avenue as its primary means of ingress and egress and that the Township had given approval to entry from Hartzdale Drive. When that decision was appealed to this Court we upheld PennDot's action, *Hardee's Food Systems, Inc. v. Department of Transportation*, 50 Pa. Commonwealth Ct. 331, 333, 413 A.2d 1, 2 (1980), which was taken " '[i]n light of the high volume of traffic and the fact that the property has access to *two* township streets.' " (Emphasis added.)

While Hardees' appeal to this Court from PennDot's action was pending, Hardees reapplied to the Commissioners for use of the subject tract with a request for ingress and egress from Lebanon Avenue and ingress and egress from Hartzdale Drive. The Commissioners again granted the use but conditioned it upon ingress and egress only by northbound traffic from Hartzdale Drive, with egress being limited to a right turn from Hardees onto Hartzdale Drive and providing for barricades to control that traffic and again denying ingress or egress for traffic on Lebanon Avenue. Hardees appealed that decision to the Court

of Common Pleas of Cumberland County which affirmed the Commissioners' order except that part thereof which denied ingress and egress with respect to traffic on Lebanon Avenue. The Commissioners have appealed from that order to this Court.

Where the trial court has taken no additional evidence, our scope of review is confined to a determination of whether or not the Commissioners abused their discretion, committed an error of law or made findings not supported by substantial evidence. *Lower Gwynedd Township v. Provincial Investment Co.*, 39 Pa. Commonwealth Ct. 546, 395 A.2d 1055 (1979).

While there is only a narrative summary of the testimony taken at the hearing before the Commissioners and there are no enumerated findings of fact in the adjudication, the critical finding by the Commissioners with respect to Lebanon Avenue is that:

> Ingress and egress on Lebanon Avenue will generate additional traffic in the residential areas on New York Avenue and Schuylkill Avenue, will cause problems of getting in and out on Old Gettysburg Road, and will cause cars to use the access of other roads in the residential area to miss the traffic light. Traffic count indicates 395 vehicles use Lebanon Avenue.

The Commissioners, noting that they had the authority to regulate vehicular access with respect to property abutting major traffic thoroughfares under the provisions of Section 604 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10604 and the ordinances they enacted pursuant thereto, concluded that their order would strike a reasonable balance between the public interest and the rights of Hardees. The trial court, however, held that:

> To limit access to and from Hardee's to one lane of traffic flowing northward on Hartzdale

Drive while denying all other access is unreasonable and places an oppressive financial burden upon Hardee's commercial use of its property. Although the Township's denial was properly motivated by public safety concerns, we find such concerns excessive and not justified.

We agree.

An analysis of the Commissioners' adjudication reveals that they entered their order after they gave consideration to the capacity for all areas to be used for vehicular access, the effects in producing traffic congestion and public safety. While all of these are proper considerations for the Commissioners to entertain, it is well settled in our case law that generalized condemnations of anticipated traffic are not sufficient reasons to deny property owners the legitimate use of their property. *Goodman v. Board of Commissioners, Township of South Whitehall,* 49 Pa. Commonwealth Ct. 35, 411 A.2d 838 (1980).

In *Archbishop O'Hara's Appeal,* 389 Pa. 35, 54, 131 A.2d 587, 596 (1957), our Supreme Court said,

It is not *any* anticipated increase in traffic which will justify the refusal of a 'special exception' in a zoning case. The anticipated increase in traffic must be of such character that it bears a *substantial* relation to the health and safety of the community. (Emphasis in original.) A prevision of the effect of such an increase in traffic must indicate that not only is there a likelihood but *a high degree of probability that it will affect the safety and health of the community,* and such prevision must be based on evidence sufficient for the purpose. Until such strong degree of probability is evidenced by legally sufficient testimony no court should act in such a way as to deprive a land-

owner of the otherwise legitimate use of his land. (Emphasis added.)

In our review of the record we found little or nothing in it to support the Commissioners' conclusion that their concerns warrant the result they have reached. Old Gettysburg Road is heavily travelled, the traffic count being 23,100 vehicles per day. Hartzdale Drive receives about 2100 of the vehicles which leave Old Gettysburg Road at the intersection which is controlled by the traffic signal. In addition, approximately 2400 vehicles proceed north from Hartzdale Drive onto Old Gettysburg Road. While the Commissioners state as a fact that there is a backup of traffic in the northbound lane of Hartzdale Drive, we find nothing in the record to support that finding. The Commissioners also state as a fact that there is a backup in the westbound lane of Hartzdale Drive. We believe the Commissioners may have intended to refer to Old Gettysburg Road instead of Hartzdale Drive since there is no westbound traffic on Hartzdale Drive. In any event, nothing in the record supports the finding of a backup of westbound traffic. More significantly, we think, is that the evidence of traffic on Lebanon Avenue is that only 395 vehicles use it each day. To state the obvious, Hardees has been denied access to the *least* travelled street contiguous to its property. It would seem to us that the Commissioners' decision not only is unfair to Hardees but will compound traffic safety problems rather than alleviate them.

As for the use of the other roads in the residential area, again it seems to us that under the Commissioners' order, traffic leaving Old Gettysburg Road at either Hartzdale Drive or Lebanon Avenue and desirous of using Hardees' facilities will of necessity have to use the other roads in the residential area to get into the northbound lane of Hartzdale Drive. On

the other hand, if ingress and egress to Hardees were provided on Lebanon Avenue, the traffic burden to other residential streets would, in fact, be alleviated.

Accordingly, we must conclude, as did the trial court, that the Commissioners' action in denying Hardees access to Lebanon Avenue was unreasonable and thus, an abuse of their discretion. *Breinig v. County of Allegheny*, 332 Pa. 474, 2 A.2d 842 (1938). Further, we conclude that the critical findings of the Commissioners were not supported by substantial evidence in the record.

Order affirmed.

### ORDER

AND NOW, this 17th day of June, 1981, the order of the Court of Common Pleas of Cumberland County, dated June 5, 1980, is affirmed.