Wilkins Township et al., Appellants *v.* Organ Grinder Pizza Parlor, Inc., a corporation et al., Appellees.

178

Argued March 3, 1983, before Judges Rogers, Craig and Doyle, sitting as a panel of three.

*John M. Means, Markel, Schafer & Means, P.A.,* for appellants.

*Edward P. Zemprelli,* for appellees.

Opinion by Judge Rogers, May 9, 1983:

Wilkins Township and its Board of Commissioners here appeal from an order of the Court of Common Pleas of Allegheny County reversing the decision of the Board to deny the application of Organ Grinder Pizza Parlor, Inc., and others, appellees herein, by which application the appellees sought approval to construct a means of access from their restaurant facility parking lot to the adjacent Hawthorne Drive.

The facts necessary to understand the case are that the appellees' restaurant is located at the intersection of U.S. Route 22 (also known, we are told, as the William Penn Highway) and Hawthorne Drive. Route 22 runs east and west and Hawthorne Drive is a local residential street originating at its intersection with Route 22 and running north. The restaurant abuts both roads—Route 22 is immediately adjacent on the south and Hawthorne Drive is immediately adjacent on the west.

Presently, access to the restaurant property from Route 22 is accomplished by means of discontinuances in the curbside barrier at two locations. The appellees represented to the Board that these two points of access were unsatisfactory because eastbound motorists on Route 22 are forbidden, by traffic regulations applicable to that portion of the highway here at issue, from making a left turn onto the restaurant property and because restaurant patrons exiting directly onto Route 22 often encounter difficulties created by the traffic volume and pattern at that location. As a solution, the appellees proposed the elimination of a portion of the curbside barrier separating their property from Hawthorne Drive so that eastbound motorists could turn onto the local road and then enter the restaurant parking lot.

Following a hearing, the Board denied the application in an extensive adjudication incorporating some twenty-seven findings of fact and concluding, *inter alia*, that Section XIII(A)(1) of the Township's Ordinance 621 prohibits the creation of an accessway to Hawthorne Drive under these circumstances and that traffic safety at the intersection of Hawthorne Drive and Route 22 would be adversely affected by the granting of the appellees' application. As we have indicated, the Honorable Nicholas Papadakos for the trial court reversed the decision of the Board reasoning that

a landowner's right to ingress and egress from an abutting public highway, in the absence of alternative access, is a protected property right and that

> the facts in this case established that eastbound motorists on Route 22 have *no* lawful access onto the Appellees' property. This can be accomplished only by a lawful left turn onto Hawthorne Drive and a right turn onto the premises of the Appellees [by means of the accessway proposed to be constructed].

In a document filed with this Court shortly before argument of the cause and somewhat mysteriously styled a "Notice of Change of Status of Authority Materially Affecting Status," counsel for the township brings to our attention what purports to be a letter from an assistant district engineer for the Commonwealth of Pennsylvania, Department of Transportation to the president of the Board describing certain work just completed with respect to that portion of Route 22 here at issue and informing the Board's president that a newly created center turning lane and the revision by the Department of a Supplemental Highway Permit issued with respect to the appellees' restaurant property now makes it both feasible and lawful for eastbound motorists on Route 22 to make a left turn into the restaurant. Although no argument accompanies this written submission, the facts contained therein would appear to render the matter of this appeal moot. However, counsel for the appellees, by responsive letter also received shortly before oral argument, asks this Court to disregard the late submission of his opponent and further asserts that the work performed by the Department on Route 22 has failed to correct the conditions there complained of.[1]

---

[1] At the hearing conducted before the Board on June 16, 1981, a Mr. David Ross appeared as the appellees' sole witness. Following the examination of Mr. Ross, the Board's solicitor requested that the

Of course, we are unable in the performance of our appellate function to resolve this essentially factual dispute and we decline to further review the trial court's order which may well now be entirely academic. We are, therefore, compelled to return this matter to the trial court for further proceedings including at least a determination of whether the matter of the appellees' application has been rendered moot by recent highway construction.

Vacated and remanded.

### ORDER

AND Now, this 9th day of May, 1983, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby vacated and the record is remanded for further proceedings consistent with this opinion. Jurisdiction is hereby relinquished.

---

witness examine, and respond to, the letter received by the Board from the Department of Transportation describing the proposed work as the construction of a center fifth lane for left-turning vehicles. Mr. Ross' response was as follows:

I have two responses. One, PennDOT's promise in the letter is read as tentative. There is no firm plan. It is a tentative promise.

Second, it alleviates one of the problems, the left turn from the eastbound traffic. It does not alleviate the left turn from the parking lot for people coming out.