Wilkins Township and The Wilkins Township Board of Commissioners, Appellants *v.* Organ Grinder Pizza Parlor, Inc., a corporation, Thomas J. Reilly and Barbara Reilly, his wife, Appellees.

Argued March 11, 1985, before Judge MACPHAIL and Senior Judges BLATT and BARBIERI, sitting as a panel of three.

  *John M. Means, Markel, Schafer & Means, P.A.,* appellants.

  *David C. Allison,* with him, *Edward P. Zemprelli,* for appellees.

OPINION BY JUDGE MACPHAIL, May 7, 1985:

Wilkins Township appeals[1] here from an order of the Court of Common Pleas of Allegheny County which directed the Township to issue a Street Excavation/Curb Permit to Organ Grinder Pizza Parlor, Inc. (Organ Grinder) and Thomas and Barbara Reilly (landowners).

The record shows that the subject property is located at the intersection of U.S. Route 22 and Hawthorne Drive. Route 22 runs east and west in front of the restaurant located on the property. Hawthorne

---

[1] The Wilkins Township Board of Commissioners joins in this appeal. We will refer to the appellants collectively as the Township.

Drive is a residential street which originates at Route 22 and runs north, immediately west of the property. There is no traffic signal at this intersection.

Organ Grinder filed an application for a driveway dated March 23, 1981, seeking access from the restaurant parking lot onto Hawthorne Drive. At that time, there were two curb cuts permitting access to the parking lot from Route 22; however, Route 22 was a four lane highway and left hand turns into the property were not permitted.[2] In addition, vehicles exiting the parking lot were not permitted to turn left.[3]

The Township building inspector denied Organ Grinder's application pursuant to Section XIII(A)(1) of Ordinance 621 of Wilkins Township.[4] Organ Grinder and the landowners then appealed to the Township Board of Commissioners (Commissioners), and filed a request for a variance. After a hearing, the Commissioners issued an adjudication containing findings of fact and conclusions of law. The Commissioners affirmed the denial of the permit and refused to grant a variance.

Organ Grinder and the landowners subsequently appealed to the Court of Common Pleas of Allegheny County which heard the matter pursuant to Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b).

---

[2] The Pennsylvania Department of Transportation (DOT) prohibited left turns at this location for safety reasons.

[3] This prohibition was established by the Township.

[4] Section XIII of Ordinance 621 governs the issuance of driveway permits to connect to a local street from a non-residential land use, and provides in pertinent part "A. A driveway between a non-residential land use and the right-of-way of a Local street can only be granted under the following conditions: (1) No driveway shall be provided to a Local street if a driveway access can be provided to an Arterial Street." The terms of Section III of Ordinance 621 classify Hawthorne Drive as a local street while Route 22 is an arterial street.

The Court ordered the Township to issue the subject permit, reasoning that denial of the permit was in derogation of the landowners' constitutionally protected property rights. *Hardee's Food Systems, Inc. v. Department of Transportation,* 495 Pa. 514, 434 A. 2d 1209 (1981).[5]

The Township's appeal to our Court resulted in a remand to the common pleas court for a hearing regarding alleged changes in the traffic patterns at the subject location. Documents were filed with this Court describing work completed by DOT such that the left turn restriction for traffic entering the property had been eliminated. We stated that we were "compelled to return this matter to the trial court for further proceedings including at least a determination of whether the matter of the [landowners'] application has been rendered moot by recent highway construction." *Wilkins Township v. Organ Grinder Pizza Parlor, Inc.,* 74 Pa. Commonwealth Ct. 177, 181, 459 A.2d 873, 874 (1983).

On remand, the court of common pleas held a hearing, receiving evidence regarding the work done by DOT, the changes in traffic regulations governing the landowners' property and general traffic safety in the area of the property. As a result of the hearing, the Court issued an opinion dated December 30, 1983, containing various findings of fact and concluding that

> The facts established at the evidentiary hearing, together with the prior record, clear-

---

[5] Our Supreme Court in *Hardee's Food Systems, Inc. v. Department of Transportation,* 495 Pa. 514, 517-18, 434 A.2d 1209, 1211 (1981) stated "[a] landowner's right of ingress to and egress from an abutting public highway is an incident of ownership or occupancy of the land, and is a constitutionally protected property right which may be denied only under compelling circumstances."

ly show that, although the changes made by PennDOT and the adoption of a new Ordinance make left turns lawful, such left turns across two descending, high speed and heavily travelled lanes are not feasible. From a feasibility standpoint, the Court must conclude that Wilkins Township has not shown compelling circumstances which justify the denial of the property owner's constitutionally protected rights of ingress to and egress from an abutting public highway.

The Court, therefore, ordered the issuance of the permit as stated above.

In the present appeal the Township raises several issues, including, *inter alia,* whether the court of common pleas erred in not declaring the issue moot. Our previous opinion in this matter did not contemplate that the entire matter would necessarily be rendered moot by a decision on the constitutional issue.

The constitutionality of the ordinance was not the sole issue raised by the landowners in their appeal to the court of common pleas; however, having found the ordinance unconstitutional, that Court did not address the landowners' other concerns. We hold, therefore, that it was not error for the Court to fail to declare the entire appeal moot.

It is clear to us, nevertheless, that the change in traffic patterns[6] and removal of left turn restrictions[7] has rendered Section XIII(A)(1) of Ordinance 621

---

[6] The Court found, on the basis of substantial record evidence, that DOT had painted a fifth stacking lane on Route 22 where it abuts the subject property. This fifth lane, which is the center lane, may be used by persons wishing to turn left to enter the property and by persons who wish to turn left upon leaving the property.

[7] All restrictions upon left turns have been removed, so that vehicles may make a lawful left turn to enter the property from Route 22 or exit the property onto Route 22.

constitutional as applied to the subject property. The landowners' right of ingress to and egress from Route 22 is under no legal impediment. Although the record discloses that Route 22 is heavily traveled at this location, we hold that such traffic conditions do not result in the denial of the landowners' protected property rights. Were we to hold otherwise we would have to hold that congested and potentially hazardous traffic conditions in locations without alternative avenues of ingress and egress are unconstitutional, a patently absurd result. For these reasons, we believe that the curb cuts on the property accessing Route 22 satisfy the landowners' constitutional property rights at issue here.

Further, we note that the evidentiary hearing which was held on remand at this Court's direction was for the purpose of determining what changes in conditions had occurred after the Commissioners' decision. We have reviewed the record of that hearing and we find that the Court's findings of fact 11, 12 and 13 are not supported by substantial record evidence from that hearing. Those findings, therefore, should not be used by that Court to supplant the findings of fact and conclusions of law made by the Commissioners.

As we have noted, the court of common pleas has never made a determination in regard to the other issues raised by the landowners in their appeal to that Court.[8] Lacking such determination we must, regret-

---

[8] In their appeal from the decision of the Commissioners to the court of common pleas the landowners alleged in addition to their constitutional question that

12. The hearings held on June 16, 1981, and on December 21, 1981, were in violation of the due process rights of the [landowners] under the Constitution and amendments of the United States and the Constitution and amendments of the Commonwealth of Pennsylvania.

tably, again remand this case to the court of common pleas for further proceedings.[9] We direct the court of common pleas to exercise its appellate review of the Commissioners' adjudication pursuant to Section 754(b) of the Local Agency Law.

ORDER

The order of the Court of Common Pleas of Allegheny County dated December 30, 1983, No. SA 368 of 1982, is hereby vacated. The matter is remanded to that Court for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

---

13. The decision of the Commissioners is arbitrary, capricious and an abusive [sic] discretion.

14. The decision of the Commissioners has created an emergency situation at the site of the real estate in question requiring immediate action so as to avoid danger to life and limb of persons traveling by motor vehicle in and about the premises.

[9] Because of our decision regarding the constitutionality of the ordinance, we need not address the other issues raised here by the Township.