510 A.2d 832

Commonwealth of Pennsylvania, Department of Transportation, Plaintiff *v.* Philip Longo et al., Defendants.

Heard on April 14, 1986 by Judge PALLADINO.

*Michael H. Kline,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Assistant Counsel, for plaintiff.

*John D. Snyder, Lamb, Windle & McErlane, P.C.,* for defendant.

OPINION BY JUDGE PALLADINO, May 6, 1986:
Presently before this Court is a Motion for Summary Judgment filed by the Department of Transportation

(Department) and a Cross-Motion for Summary Judgment filed by Philip and Beverly Ann Longo (Defendants), concerning the issue of whether the Department may properly require Defendants to post signs prohibiting left turns into and out of their driveway. For the reasons set forth below, we grant the Department's motion for summary judgment, and we dismiss Defendants' cross-motion for summary judgment.

Defendants own a piece of real property in Chester County which abuts a state highway, Traffic Route 352. Defendants use and maintain on their property a driveway which opens onto Route 352 and provides access from Defendants' home to the highway. An embankment and a hillcrest on the right (north) side of the driveway restrict the sight distance to the right for motorists exiting from the driveway onto Route 352.[1]

According to a formula specified in 67 Pa. Code §441.8(h), the minimum acceptable sight distance at the intersection of Route 352 and Defendants' driveway is 414 feet. For vehicles turning left from the driveway onto Route 352, however, the sight distance to the right is only 325 feet. Additionally, if a vehicle is waiting to make a left turn onto the driveway from Route 352, the sight distance for vehicles approaching the waiting vehicle from behind is only 250 feet. Because of the restricted sight distance at the junction of Defendants' driveway and Route 352, the Department is requesting injunctive relief compelling Defendants to post and maintain "No Left Turn" signs prohibiting left turns both into and out of their driveway.[2]

---

[1] "Sight distance" or "stopping sight distance", as defined in 67 Pa. Code §441.1, is the distance required by a driver traveling at a given speed to stop the vehicle after an object on the roadway becomes visible to the driver.

[2] In its early pleadings, the Department also requested that Defendants be required to regrade the embankments near their

We begin by noting that a motion for summary judgment is appropriate only when a case is free from doubt; that is, when the moving party has established that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Pennsylvania Funeral Directors Association v. Commonwealth*, 90 Pa. Commonwealth Ct. 175, 494 A.2d 67 (1985). Moreover, in deciding whether summary judgment is appropriate, the record must be viewed in the light most favorable to the nonmoving party and any doubts regarding the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party. *El Concilio de Los Trabajadores v. Commonwealth*, 86 Pa. Commonwealth Ct. 219, 484 A.2d 817 (1984).

In the case at bar, the Department avers that there is no genuine issue of material fact and that Defendants may be compelled to undertake the requested actions by virtue of Department regulations duly promulgated under Section 420 of the State Highway Law.[3] Specifically, the Department relies on 67 Pa. Code §441.7(b), which was promulgated in 1980 and which states that "Access driveways shall be permitted at locations in which: (1) sight distance is adequate to safely allow each permitted movement to be made into or out of the access driveway; . . . [and] . . . (3) the driveway will not create a hazard. . . ." Additionally, 67 Pa. Code §441.8(h)(1) states that: "Access driveways shall be locat-

driveway. At oral argument, however, the Department indicated that it had subsequently dropped this request.

[3] Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. §670-420. This Section provides, in pertinent part, that:

The secretary is empowered to make reasonable rules and regulations governing the use of all State highways, and by the construction of curbs, divisor strips, painted lines or signs may control the direction of the flow of traffic thereon.

ed at a point within the property frontage limits which provide at least the minimum sight distance. . . [as calculated using tables contained in the Code]."

Defendants, on the other hand, contend that the Department's regulations are not applicable to their driveway, because construction of the driveway predates the effective date of the regulations by over thirty years, and the regulations cannot be applied retroactively to such a property unless they expressly provide that they have retroactive effect.

We determine that no issue of material fact is presented in the instant case,[4] and that the Department is entitled to summary judgment as a matter of law. It is well settled that, under its general police power, the Commonwealth may restrict or even prohibit vehicular access to and from abutting property in order to promote and protect the public health, safety and welfare. *Hardee's Food Systems v. Department of Transportation*, 495 Pa. 514, 434 A.2d 1209 (1981). Moreover, as regards private driveways, the Supreme Court of Pennsylvania has stated that:

> [T]he public authorities have the undoubted right to regulate the manner of the use of driveways by adopting such rules and regulations, in the interest of public safety, as will accord some measure of access and yet permit public travel with a minimum of danger. The rules and

---

[4] Defendants admit that there is no issue of material fact concerning the question of whether the Department's regulations may compel Defendants to post and maintain "No Left Turn" signs to be located within the Commonwealth's right-of-way next to Defendants' driveway. Defendants contend, however, that an issue of fact is present regarding the location of the embankments complained of by the Department. We note in passing that this issue is moot, because the Department has dropped its demand that Defendants regrade the embankments.

> regulations must be reasonable, striking a balance between the public and the private interest. The abutter cannot make a business of his right of access in derogation of the rights of the traveling public. He is entitled to make only such use of his right of access as is consonant with traffic conditions and police requirements that are reasonable and uniform.

*Wolf v. Department of Highways,* 422 Pa. 34, 40, 220 A.2d 868, 871, (1966).

Clearly, the rules and regulations promulgated by the Commonwealth may be applied retroactively, because "persons hold their property subject to valid police regulation, made, *and to be made,* for the health and comfort of the people." *Commonwealth v. Barnes & Tucker Company,* 472 Pa. 115, 123, 371 A.2d 461, 465 (1977), *appeal dismissed,* 434 U.S. 807 (1977) (emphasis added). Accordingly, the fact that a property's present dangerous condition arises only from past activities does not affect the appropriateness of invoking the police power to dispel that immediately dangerous condition. *Id.* at 126, 371 A.2d at 467.

Addressing the question of whether the regulations at issue here do in fact allow the Department to restrict access from and to Defendants' driveway, we are mindful that, "if a regulation of an administrative agency is consistent with the statute under which it is promulgated, the agency's interpretation of that regulation is entitled to controlling weight except where the interpretation is clearly erroneous or inconsistent with the regulation." *Centennial School District v. Department of Education,* 94 Pa. Commonwealth Ct. 530, 539, 503 A.2d 1090, 1095 (1986). Our review of the Department's regulations persuades us that the Department's interpretation of them is not erroneous and is clearly consistent with their stated purpose, which is to establish in

the Commonwealth the comprehensive power "to regulate the location, design, construction, maintenance and drainage of access highways, local roads, and other property within State highway right-of-way for purpose of security, economy of maintenance, preservation of proper drainage, and safe and reasonable access." 67 Pa. Code §441.2(a). We conclude, therefore, that the regulations are properly construed as granting the Department the power to restrict access to and from existing driveways, if such restrictions are necessary for the safety and welfare of the public.

Finally, we note that the evidence of record indicates that the Department's proposed restrictions concerning Defendants' driveway are reasonable, in that they constitute a simple, efficient and economical means of remedying what the parties agree is a hazardous condition. Although the restrictions may cause Defendants some inconvenience, the record shows that such inconvenience is relatively minor and certainly does not rise to a level that would render the Department's regulatory action unreasonable. Furthermore, since the dangerous condition in Traffic Route 352 is caused by the presence of Defendants' driveway, we conclude that it is not unreasonable for the Department to require that Defendants obtain a permit and post the "No Left Turn" signs at their own expense.

Accordingly, the Department's motion for summary judgment is hereby granted, and the Defendants' cross-motion for summary judgment is hereby denied.

ORDER

AND NOW, May 6, 1986, Plaintiff's Motion for Summary Judgment in the above-captioned matter is granted; and Defendant's Cross-Motion for Summary Judgment in the above-captioned matter is denied.