IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon B. Craig,              :
                                  : No. 2718 C.D. 2015
                 Petitioner    : Submitted: July 1, 2016
                                    :
                v.                   :
                                    :
Pennsylvania Department      :
of Transportation,              :
                                    :
                 Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN           FILED: October 14, 2016

       Brandon B. Craig petitions for review, *pro se*, of the March 12, 2015, final determination of the Secretary of the Pennsylvania Department of Transportation (Secretary), which denied Craig's application for a highway occupancy permit (HOP). We affirm.

       Craig owns property located at 1627 West Market Street, also known as State Route 209 (SR 209), in Pottsville (Property). Craig and the adjacent residential property owners can access SR 209 through use of on-street parking spaces that are positioned in front of their properties along both sides of SR 209. (Secretary Op. & Order, 12/18/15, at 8.) On September 7, 2013, Craig installed a driveway on the

Property to access SR 209. (Findings of Fact, Nos. 1-4.) On September 13, 2013, Craig applied for a HOP with the Department of Transportation's (DOT) Engineering District 5-0 (District). (*Id.*, No. 5.) On September 17, 2013, Adam Lorady, Permit Supervisor for Schuylkill County, measured the sight distance at the driveway and found that it was deficient.[1] (*Id.*, Nos. 6, 11.)

By letter dated September 20, 2013, District notified Craig of the sight deficiency. (*Id.*, No. 12.) The letter further informed Craig that the sight deficiency could be cured if the City of Pottsville (City) removed five parking spaces to the left and three parking spaces to the right of Craig's driveway. (*Id.*, Nos. 12-13.) District advised Craig to obtain written authorization from the City to eliminate the eight parking spaces and, once approved by the City, provide a copy of the ordinance eliminating the spaces.[2] (*Id.*, No. 14.)

On October 10, 2013, Craig met with District and the City, and the City indicated that it would not eliminate the spaces. (*Id.*, No. 17.) On November 11, 2013, the City, in a letter to District, confirmed that it would not eliminate the parking spaces because it would create a hardship on the neighborhood and, thus, denied Craig's request. (*Id.*, No. 18.)

---

[1] The posted speed limit on SR 209 is 35 miles per hour. The grade measurements at Craig's driveway are negative 3.4 to the left and positive 2.6 to the right. The sight distance is required to be 262 feet to the left and 240 feet to the right. The actual sight distance is 30 feet to the left and 75 feet to the right. Thus, the sight distance is deficient by 232 feet to the left and 165 feet to the right. (Findings of Fact, Nos. 7-11.)

[2] DOT has a policy, which has been in effect for at least 14 years, to defer the removal of parking spaces to achieve required sight distances for driveways to the local municipality because they have a better understanding of the local community's needs. (Findings of Fact, Nos. 15-16.)

Thereafter, District considered alternatives to removing the parking spaces, such as limiting the driveway to right-in/right-out access and placing mirrors at the driveway. (*Id.*, No. 19.) However, both options were determined to be impermissible due to sight distances and daily traffic. (*Id.*)

On January 6, 2014, Craig resubmitted the HOP without making any corrections to the deficient sight distances. (*Id.*, No. 20.) On March 4, 2014, District notified Craig by letter of its denial of the HOP due to insufficient sight distances. (*Id.*, No. 21.) The letter again advised Craig of the minimum sight distances required and explained that the City must eliminate the eight parking spaces for the driveway to be approved. (*Id.*, No. 22.) On April 3, 2014, Craig appealed to DOT.

A DOT hearing officer issued a proposed report (Report) that affirmed District's denial of Craig's HOP. Craig filed exceptions to the Report with the Secretary. The Secretary adopted the Report, affirmed District's determination, and ordered Craig to stop using the driveway and to restore the driveway to its pre-construction condition. (Secretary Op. & Order, 12/18/15, at 12.) Craig now petitions this court for review.[3]

Craig contends that DOT erred in denying his HOP. Craig argues that: (1) the driveway is his only access to the highway; (2) highway access is a fundamental right of property ownership; (3) he should not be burdened with

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

removing the parking spaces as a condition of the HOP; (4) DOT should have instituted parking restrictions on the Property, as DOT is the ultimate authority and owner of the state route, not the City; (5) the right to park on the highway should be subordinate to the right of a property owner to access the highway, and denial of all access to preserve parking is not a valid use of DOT's police powers; (6) DOT failed to balance the access rights of the property owner and the public interest; (7) DOT has a duty to restrict vehicles from parking on its property and causing line of sight issues, which create an unsafe condition; (8) DOT cannot use a discretionary action, i.e., parking restrictions, to deny all highway access to an abutting property owner and the action is not discretionary if it must be completed prior to issuance of an HOP; and (9) mandamus can be used to force DOT to develop a solution that provides highway access for Craig and preserves the safety of the traveling public.

DOT's regulatory authority is derived from section 420(b) of the State Highway Law (Law),[4] which states that DOT's "secretary may issue permits for the opening of streets and driveways onto State highways . . . on terms and conditions established in department regulations." 36 P.S. §670-420(b). Section 420(a) of the Law empowers DOT's secretary "to make reasonable rules and regulations governing the use of all State highways, and . . . may control the flow of traffic thereon." 36 P.S. §670-420(a). Section 420(b)(1) and (2) of the Law provides:

> (1) The secretary may delegate permit-issuing authority to any municipality which agrees to issue permits in compliance with department regulations or municipal ordinances approved by the secretary which shall contain

[4] Act of June 1, 1945, P.L. 1242, *as amended*.

standards which are in every particular at least as high as those contained in the department regulations.

(2)     No person, municipality or municipality authority shall open a driveway onto a State highway or open the surface of or occupy a State highway without a permit.

36 P.S. §670-420(b)(1) and (2).  DOT may prohibit vehicular access, in appropriate circumstances, under its general police power.  *Hardee's Food Systems, Inc. v. Department of Transportation*, 434 A.2d 1209, 1211 (Pa. 1981).  Such police power may be delegated to municipalities.  *Id.*  A municipality gets its "power to regulate and maintain public roads within its boundaries under the general police power" of the state.  *Id.*  Thus, DOT has the authority to delegate duties to local municipalities regarding regulating parking on a state highway as long as the municipalities comply with DOT's regulations.

DOT regulates the location of driveways that are within the right-of-way of a state highway "for the purpose of security, economy of maintenance, preservation of proper drainage and safe and reasonable access."  67 Pa. Code §441.2(a).  The regulations require the property owner to secure a permit from DOT prior to constructing a driveway.  67 Pa. Code §441.3.  Further, a driveway must "be located, designed, constructed and maintained in such a manner as not to interfere or be inconsistent with the design, maintenance and drainage of the highway" and it must have adequate "[s]ight distance[s]."  67 Pa. Code §441.7(a) and (b)(1).  Approaches to driveways must meet the following requirement:

The location and angle of an access driveway approach in relation to the highway intersection shall be such that a vehicle entering or leaving the driveway may do so in

5

an orderly and safe manner and with a minimum of interference to highway traffic.

67 Pa. Code §441.7(f)(1). A driveway must meet the minimum sight distance requirements and, if it does not, DOT may "deny access to the highway." 67 Pa. Code §441.8(h)(1) and (3)(vi).

Craig contends that he has a constitutionally protected right to access to SR 209 from his property. "The absolute prohibition of driveways to an abutting owner's land which fronts on a single thoroughfare, and *which cannot be reached by any other means*, is unlawful and will not be sustained." *Breinig v. County of Allegheny*, 2 A.2d 842, 847-48 (Pa. 1938) (emphasis added). However, public authorities have the

> right to regulate the manner of the use of driveways by adopting such rules and regulations, in the interest of public safety, as will accord *some measure of access* and yet permit public travel with a minimum of danger. The rules and regulations must be reasonable, striking a balance between the public and the private interest. The abutter cannot make a business of his right of access in derogation of the rights of the traveling public. He is entitled to make only such use of his right of access as is consonant with traffic conditions and police requirements that are reasonable and uniform.

*Id.* at 848 (emphasis added).

Contrary to Craig's contention, DOT is not prohibiting access to SR 209. Craig currently has access to SR 209 via the on-street parking spaces located in front of his property along SR 209. (Secretary Op. & Order, 12/18/15, at 8.)

6

"[U]nder its general police power, [DOT] may restrict or even prohibit vehicular access to and from abutting property in order to promote and protect the public health, safety and welfare." *Pennsylvania Department of Transportation v. Longo*, 510 A.2d 832, 834 (Pa. Cmwlth.), *aff'd*, 578 A.2d 265 (Pa. 1986).[5] DOT's regulations give it "the power to restrict access to and from existing driveways, if such restrictions are necessary for the safety and welfare of the public." *Id.* at 835. "Although the restrictions may cause [Craig] some inconvenience, the record shows that such inconvenience is relatively minor and certainly does not rise to the level that would render [DOT's] regulatory action unreasonable." *Id.*

Here, it is agreed that Craig constructed his driveway without a permit in violation of DOT's regulations and that the driveway does not have adequate sight distances. DOT exercised its discretion and delegated its authority to the City to determine whether eight parking spaces along the state highway should be removed to accommodate Craig's driveway.

The City, after review, determined that eliminating the eight parking spaces would cause a hardship on the neighborhood and, thus, denied Craig's request. The City's decision was discretionary. In *Love v. Borough of Stroudsburg*, 569 A.2d 389, 391 (Pa. Cmwlth. 1990), *affirmed*, 597 A.2d 1137 (Pa. 1991) (citations omitted), this court stated that "'the state has delegated to municipalities its police power in such matters' and that municipal regulation of parking is valid 'so long as the

---

[5] A single-judge opinion of this court may be cited for its persuasive value, but not as binding precedent. Section 414(b) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(b).

regulations are not oppressive or unreasonable.'" Here, the City determined that the removal of eight parking spaces would create a hardship on the neighborhood and that it would not "be reasonable to deny the availability of eight parking spaces on the street in exchange for private parking for one property." (R. Tab 16, Ex. 8.) This determination is neither oppressive nor unreasonable.

Thus, because the City would not remove the parking spaces, Craig could not meet the sight distance requirements in DOT's regulations, which were reasonable and necessary to promote public safety. Therefore, DOT did not err in denying Craig's HOP.[6,7]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[6] We note that there is no support for Craig's contention that DOT denied the HOP to preserve parking in the City.

[7] Craig's contention that mandamus can be used to force DOT to develop a solution that provides highway access for Craig and preserves the safety of the traveling public is in error. "'Mandamus does not lie to compel the performance of discretionary acts except where the exercise or non[-]exercise of discretion is arbitrary, fraudulent or based upon a mistaken view of the law.'" *Burlington Homes, Inc. v. Kassab*, 332 A.2d 575, 577 (Pa. Cmwlth. 1975) (*en banc*) (citation omitted). As stated above, both DOT's and the City's actions were discretionary. Further, as determined, their actions were not arbitrary, fraudulent, or based upon a mistaken view of the law. Thus, an action in mandamus cannot lie here.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandon B. Craig,                           :
                                            : No. 2718 C.D. 2015
                        Petitioner          :
                                            :
                v.                          :
                                            :
Pennsylvania Department                     :
of Transportation,                          :
                                            :
                        Respondent          :


O R D E R


AND NOW, this 14th day of October, 2016, we hereby affirm the March 12, 2015, final determination of the Secretary of the Pennsylvania Department of Transportation.


_____
ROCHELLE S. FRIEDMAN, Senior Judge