In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1010, Section D2, R/W, a Limited Access Highway, in Plymouth Township. Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* O'Neill Steel Co., Inc., Appellee.

Argued April 12, 1985, before Judges DOYLE and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*J. Matthew Wolfe*, Assistant Counsel, with him, *Edward D. Werblun*, Assistant Counsel, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

*Andrew B. Cantor, Wisler, Pearlstine, Talone, Craig & Garrity*, for appellee.

OPINION BY JUDGE BARRY, June 6, 1985:

This appeal results from an order of the Court of Common Pleas of Montgomery County, Pennsylvania, which denied post-verdict motions filed by the Department of Transportation (DOT) and directed the entry of judgment on a jury verdict of $126,500.00 in favor of O'Neill Steel Company, Inc. (the condemnee).

On February 5, 1978, DOT filed a declaration of taking of a portion of property owned by the condemnee. The property was condemned for necessary highway construction. When DOT and the condemnee were unable to agree on the amount of compensation due, the condemnee filed a petition for the appointment of viewers. Following a February 7, 1981, hearing, the Board of View awarded the condemnee $100,-000.00. Following DOT's appeal, a jury awarded the condemnee compensation of $126,500.00. DOT filed a first set of post-verdict motions within ten days after the jury verdict. In the motion, DOT specifically reserved the right to file additional reasons in support

of its motion within ten days of the receipt of the trial transcript as provided in Montgomery County Rule of Civil Procedure No. 252. When DOT attempted to file the additional reasons in a timely manner, the trial court refused to consider them as DOT had never sought leave of court to file the additional reasons. The remainder of DOT's post-verdict motions were denied. This appeal followed the entry of judgment.

DOT first argues the jury verdict must be overturned because the jury chose to disregard a video tape which DOT introduced into evidence. In 1973, 1.85 acres of an original 6.05 acre tract were taken by DOT. The property of condemnee housed a steel fabrication plant. The only access to the plant itself was a straight dirt and gravel road which ran over a fifty foot wide access easement. Following the taking, a new access road had to be built. The new access road, however, had a number of curves and turns which purportedly caused difficulties for the condemnee. James O'Neill, condemnee's president at the time of the taking, detailed the difficulties encountered when attempting to remove steel trusses over sixty feet long from the plant. Mr. O'Neill testified that in most instances with trusses over sixty feet in length, a crane had to be used to lift the back of the trailer involved around the turns on the new access road.

At trial, DOT introduced a video tape which showed a truck which was able to successfully negotiate the curves while carrying a 105 foot steel beam. Despite viewing this video tape, the jury brought back a verdict with damages in the exact amount suggested by the condemnee's valuation expert. DOT believes this shows that the jury completely disregarded the video tape; DOT argues that such disregard mandates a new trial. For the following reasons, we disagree with DOT concerning this allegation of error.

As the trial court correctly stated in its opinion denying post-verdict motions:

It is well settled that the credibility of witnesses and the weight to be accorded to their testimony is for the trier of fact. In re Adoption of B.D.S., 494 Pa. 171, 431 A.2d 203 (1981); Bedeski v. Greater Nanticoke Area School District, 58 Pa. Commonwealth Ct. 400, 427 A.2d 1269 (1981). Courts may not reweigh evidence, and a new trial may not be granted merely because the jury could have drawn different conclusions or inferences, or because the trial judge feels another result more reasonable. Hilliard v. Anderson, 440 Pa. 625, 271 A.2d 227 (1970).

(Opinion of the trial court, p. 11, February 21, 1981).

DOT would have us believe that the video tape conclusively established that condemnee's president was not telling the truth when he testified concerning the difficulties encountered in removing large steel trusses from the property. We do not believe the video tape offers such conclusive proof.

Following the introduction of the video tape, Mr. O'Neill was called as a rebuttal witness. He first testified that the steel beam shown in the video tape was substantially lighter than the large steel trusses involved. Further, when trusses were involved, it was necessary to have dolly wheels to support the overhanging load and that this was not the case with the steel beam. Further, Mr. O'Neill testified that a number of buildings which abutted the new access road when condemnee was encountering its difficulties were no longer in existence when the video tape was taken. Based on this testimony, the jury clearly had the right to accord little weight, or none, to the video tape. Given our limited scope of review in this regard, we must hold that this allegation of error is meritless.

DOT next alleges that the trial court erred in refusing to consider its additional reasons in support of its motion for a new trial. Montgomery County Rule of Civil Procedure No. 252[1] stated, in pertinent part: "Additional reasons in support of . . . [post trial] motions or exceptions shall be filed within ten (10) days of receipt by counsel of a copy of the trial transcript." Despite the clear language of this rule, the trial court ruled that the local rule required leave of court to file additional reasons. Try as we may, we can see nothing in Rule 252, as it was then framed, which would put counsel for DOT on notice that leave of court was necessary to file additional reasons in support of post trial motions. We, therefore, believe the trial court erred in refusing to consider the additional reasons in support of DOT's post trial motions.

The condemnee argues that even if the trial court erred in refusing to consider the additional reasons in support of DOT's post trial motions, there is no need to remand the case for consideration of those additional reasons as we can review those allegations of error without the benefit of the trial court's ruling on those questions. While we undeniably have the power to rule on such questions in the interests of judicial economy, we refuse to do so in this case. Most importantly, DOT did not fully brief those issues, relying on its judgment that the court had erred in refusing to consider the additional reasons. Under these circumstances, a remand is in order. Were we to decide these questions, fairness would dictate that

---

[1] Subsequent to the trial court's refusal in this case to consider the additional reasons in support of DOT's post trial motions, Rule 252 was amended to require counsel to seek leave of court before filing additional reasons. The trial court argues that this amendment was intended to make clear the intent of the prior rule. Be that as it may, a reading of the prior rule simply does not require that leave of court be sought before filing the additional reasons.

DOT be given an opportunity to file a supplemental brief, fully addressing the merits of its position. Since additional briefs from both parties would thus be necessary, we believe the better course is to remand to the trial court for initial consideration of those additional reasons in support of DOT's post trial motions. *See Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974).

### ORDER

Now, June 6, 1985, the December 28, 1983 order of the Court of Common Pleas of Montgomery County at No. 73-1499 is vacated and the case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.