518 A.2d 324

In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1010, Section D2, R/W, a Limited Access Highway, in Plymouth Township. Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* O'Neill Steel Co., Inc., Appellee.

Submitted on briefs August 27, 1986, to Judges CRAIG and PALLADINO, Senior Judge BARBIERI, sitting as a panel of three.

*J. Matthew Wolfe,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Andrew B. Cantor, Wisler, Pearlstine, Talone, Craig and Garrity,* for appellee.

OPINION BY JUDGE CRAIG, November 28, 1986:

This appeal arises from the denial by the Court of Common Pleas of Montgomery County of a motion for a new trial filed by the Pennsylvania Department of Transportation (DOT). DOT has asked this court to rule on the admissibility of certain testimony by the condemnee in an eminent domain proceeding. The court of common pleas held that DOT's additional reasons in support of its motion for a new trial were without merit and, as such, the testimony in question was properly admitted. We affirm.

According to the record of the trial court, DOT filed a declaration of taking on February 5, 1973, against a portion of property owned by the O'Neill Steel Compa-

ny, Inc. The property, which is located in Conshohocken, Montgomery County, was needed in conjunction with the construction of a limited access highway. After the parties were unable to agree upon the just compensation due O'Neill for the condemned property, O'Neill filed a petition for appointment of viewers, pursuant to section 402 of the Eminent Domain Code.[1] Following a view of the property and a hearing, the viewers awarded O'Neill $100,000 in damages.

DOT appealed the award to the Common Pleas Court of Montgomery County, and a jury trial was held, Judge WILLIAM T. NICHOLAS presiding. The jury returned a verdict in favor of O'Neill, awarding $126,500 in damages. DOT's motion for a new trial was denied. DOT appealed that denial to this court, which remanded to Judge NICHOLAS for a consideration of additional reasons advanced by DOT in support of its motion for a new trial.

Upon remand, Judge NICHOLAS ruled that DOT's additional reasons were meritless and again denied the motion for a new trial. From that denial, DOT has brought this appeal.

The controversy in this case centers around a new access road which DOT constructed for O'Neill. Because the taking cut off the remainder of O'Neill's property from a 50-foot easement previously used as access by O'Neill, the new access road was necessary to provide O'Neill with access to its steel fabricating plant.

According to the record, the old easement involved a straight dirt road, while the new access road contains two 90° turns and a third gradual turn. At trial, James O'Neill, president of O'Neill, presented testimony regarding how these turns in the new access road affected

---

[1] Act of June 22, 1964, P.L. 84, §402, *as amended,* 26 P.S. 1-402, *as amended.*

his use of the remaining property. DOT contends that the trial court erred in admitting that testimony because it involved references to specific elements of O'Neill's business.[2]

Mr. O'Neill's testimony related to how the configuration of the new access road made the transporting of fabricated steel unduly difficult. Mr. O'Neill testified that, because trucks carrying 135-foot steel trusses from the plant were unable to negotiate the two 90° turns in the new road, a crane had to lift the end of a truck around the turns. The need for such an operation each time a finished truss was removed diminished the value of the property for its use as a steel fabricating plant, according to Mr. O'Neill.

Mr. O'Neill's testimony was reinforced by his expert valuation witness, who testified that the highest and best use of the property before and after the taking was as a steel fabricating plant. O'Neill's expert witness concluded that the remaining property was less valuable after the taking because a prospective purchaser would have to consider the impact of the new road on the use of the property.

DOT contends that Mr. O'Neill's testimony related more to the business activity than to the use of the real estate, and that such specific references to business activity hence improperly permitted the jury to consider damages imposed on O'Neill's business by the condemnation, which was not an issue in this case.

---

[2] The second reason advanced by the Commonwealth in the court below as support for its motion for a new trial was that O'Neill should be estopped from using the configuration of the new access road as an element of damages, since O'Neill agreed to the road's configuration prior to its construction. This contention, which was found to be without merit by the court below, was not renewed on appeal by the Commonwealth. Therefore, it is not a subject of our consideration here.

DOT's argument revolves around the proposition that a jury in a condemnation case must assess damages to the property, without reference to the owner or the actual state of his business. *Schuylkill Navigation Co. v. Thoburn,* 7 S. & R. 411 (1821). The theory behind this argument is that if a jury considers damage to a business, the award of damage might be based upon a consideration of lost profits. Lost profits are viewed as speculative and difficult of actual determination. *Cox v. Philadelphia, Harrisburg & Pittsburgh Railroad Co.,* 215 Pa. 506, 512, 64 A. 729, 731 (1906).

*Cox* involved the taking of a strip of farmland used by the condemnee for raising ducks. The condemnee alleged that the taking, necessary for widening of a right-of-way, diminished the number of ducks he could raise and therefore reduced his profits.

*Cox* held that such testimony was inadmissible because a calculation of damages based upon potential lost profits was overly speculative. *Cox,* 215 Pa. at 512, 64 A. at 731.

The testimony offered by Mr. O'Neill in the present case is distinguishable from the testimony prohibited in *Cox.* Although Mr. O'Neill did discuss the type and length of steel fabricated at his plant, there was nothing that would permit a jury to calculate lost profits as an element of damages. Mr. O'Neill did not step across the line of specificity drawn in *Cox* and *Brown v. Commonwealth,* 399 Pa. 156, 159 A.2d 881 (1960).

In *Brown,* the condemnee, who was the owner of a tree nursery business, sought to admit detailed, itemized lists of his affected nursery stock and the amount of loss suffered because of the taking. The Pennsylvania Supreme Court, in holding such testimony inadmissible, stated that evidence of particular items of damage, separate from the fair market value of the land, should be excluded. Again, Mr. O'Neill did not discuss specific items of damage in his testimony.

Testimony regarding the type of business conducted on a condemned property is not inadmissible as such. It may be admitted for the limited purpose of establishing the type of business conducted on the premises or that general losses were incurred because of the condemnation, becoming objectionable only when introduced for the purpose of establishing the value of a specialized element of damage. *Hasenflu v. Commonwealth*, 406 Pa. 631, 179 A.2d 216 (1962); *Cohen v. Redevelopment Authority of City of Philadelphia*, 12 Pa. Commonwealth Ct. 125, 315 A.2d 372 (1974); *Whitenight v. Commonwealth*, 1 Pa. Commonwealth Ct. 144, 273 A.2d 752 (1971).

Furthermore, DOT was not prejudiced by the instructions and explanation given to the jury by Judge NICHOLAS on the matter. The trial judge specifically warned the jury to consider only the damage to O'Neill's land as a result of the condemnation, not to consider any impact to O'Neill's business. Such instructions were proper in light of decisions in which testimony relating to specific elements of business has been found to be questionable, but yet deemed admissible because of similar instructions by the trial judge. *Iron City Automobile Co. v. City of Pittsburgh*, 253 Pa. 478, 98 A. 679 (1916); *Graff Brothers Scrap Iron & Metal Works Appeal*, 44 Pa. Commonwealth Ct. 429, 404 A.2d 722 (1979); *Whitenight*.

Finding no error of law or abuse of discretion,[3] we affirm Judge NICHOLAS' decision to dismiss the Commonwealth's motion for a new trial.

------

[3] Our standard of review in cases where a party appeals a denial of a motion for a new trial is firmly established in Pennsylvania case law. In such appeals, the decision of the trial court will not be reversed in the absence of abuse of discretion or a clear error of law. *Graff Brothers Scrap Iron & Metal Works Appeal*, 44 Pa. Commonwealth Ct. 429, 431, 404 A.2d 722, 723 (1979); *Redevelopment*

330

ORDER

Now, November 28, 1986, the order of the Court of Common Pleas of Montgomery County, at No. 73-1499, dated September 26, 1985, is affirmed.

---

*Authority v. Faith Union Presbyterian Church*, 7 Pa. Commonwealth Ct. 490, 298 A.2d 614, 616 (1972); *Felix v. Baldwin-Whitehall School District*, 5 Pa. Commonwealth Ct. 183, 185, 289 A.2d 788, 789 (1972).