536 A.2d 865.

John Haas and Catherine Haas, his wife, Appellants
v. Commonwealth of Pennsylvania, Department of
Transportation, Appellee.

Argued December 14, 1987, before Judges CRAIG, BARRY, and Senior Judge NARICK, sitting as a panel of three.

*William D. Marvin*, with him, *Morris M. Shuster*, *Morris M. Shuster, P.C.*, for appellants.

*Alexis L. Barbieri*, Deputy Attorney General, with her, *LeRoy S. Zimmerman*, Attorney General, for appellee.

OPINION BY SENIOR JUDGE NARICK, February 2, 1988:

This is an appeal by John Haas and Catherine Haas, his wife (Appellants) from a decision of the Court of Common Pleas of Delaware County denying their motion for a new trial. We affirm.

On August 12, 1980, Appellants instituted a civil action against the Department of Transportation (DOT) for injuries suffered by John Haas while a passenger in a vehicle on December 20, 1978. The record reveals that this automobile accident occurred on Route 252 in Newtown Township, Delaware County when the vehicle in which John Haas was traveling lost control as it proceeded over a bridge overpass. A jury trial was held and

Appellant presented two theories for the jury's consideration: (1) that DOT was negligent in failing to erect a "bridge freezes before road" warning sign in advance of the bridge and (2) that DOT was negligent in failing to salt the roadway. At the close of trial, special interrogatories were submitted to the jury for consideration. The jury responded to these interrogatories by concluding that DOT was not negligent with regard to its failure to erect a "bridge freezes before road" warning sign and in its actions regarding salting of the roadway. Appellants filed a motion for a new trial which was denied by the trial court. Hence, this appeal.

There are two questions raised by Appellants in their appeal: (1) whether evidence that DOT installed a warning sign within one year after the accident was erroneously excluded in that it was proffered to prove the feasibility of posting such a sign and the prior non-existence of the sign; and (2) whether the jury's conclusion that DOT was not negligent in its failure to post a warning sign was against the weight of the evidence.[1]

Initially, we note that the grant or denial of a new trial is within the discretion of a trial judge, and a reversal is warranted only when there has been a manifest abuse of discretion or a clear error of law. *Gallo v. Redevelopment Authority of the City of Sharon,* 19 Pa. Commonwealth Ct. 71, 339 A.2d 165 (1975). A new trial will not be granted where insufficient evidence is alleged unless the verdict is so contrary to the weight of the evidence that it shocks one's sense of justice. *Billings v. Upper Merion Township Authority,* 44 Pa. Commonwealth Ct. 622, 405 A.2d 967 (1979). In evaluating the sufficiency of the evidence, consideration must be given

---

[1] Appellants do not assert on appeal that the trial court's determination that DOT was not negligent in failing to salt the roads was against the weight of the evidence.

in a light most favorable to the party prevailing below. *Billings*. A new trial will not be granted because of a conflict in testimony, because the trial judge could have arrived at a different conclusion or because the jury could have drawn different conclusions or inferences from the evidence. *See Thompson v. City of Philadelphia*, 507 Pa. 592, 493 A.2d 669 (1985); *Department of Transportation v. O'Neill Steel Co., Inc.*, 90 Pa. Commonwealth Ct. 39, 493 A.2d 797 (1985), *decision following remand*, 102 Pa. Commonwealth Ct. 324, 518 A.2d 324 (1986). Exclusion of evidence is also not grounds for a new trial where said evidence would not have affected the verdict or where other evidence of the same fact was introduced by the party applying for a new trial. *Eldridge v. Melcher*, 226 Pa. Superior Ct. 381, 313 A.2d 750 (1973); *Billings; Commonwealth v. Fox*, 16 Pa. Commonwealth Ct. 23, 328 A.2d 872 (1974).

Appellants complained that it was error for the trial court to exclude evidence that DOT erected a sign within one year of the accident because this evidence would have proved that no sign existed at the time of the accident and that it was feasible to erect such a sign. Generally, evidence of subsequent repairs or improvements is not admissible. *Hyndman v. Pennsylvania Railroad Co.*, 396 Pa. 190, 152 A.2d 251 (1959); *Matsko v. Harley Davidson Motor Co., Inc.*, 325 Pa. Superior Ct. 452, 473 A.2d 155 (1984).[2] The record discloses that DOT was not raising the issue of the feasibility of erecting a warning sign; and, therefore, DOT would not stipulate to the feasibility of erecting such a sign.

---

[2] Appellants did not wish to admit evidence of the subsequent posting of the sign in order to prove negligence. We note that the reasons for excluding evidence of subsequent repair or improvements are that such evidence is often irrelevant and prejudicial. Also, another justification for the subsequent repair rule is a public policy one in that parties should not be inhibited or prejudiced by good faith efforts to protect or improve public safety. *See Matsko.*

Appellants rely on *Hyndman* in support of their position; however, we find that case distinguishable. In *Hyndman,* the defendant presented evidence that it would have been extremely costly to take precautionary measures such as the posting of warning signs. The plaintiff, therefore, made a request to the court to submit evidence that the defendant did in fact erect a warning sign at the place of the accident. The *Hyndman* court held that it was proper to admit this evidence. In the case at hand, the trial judge refused to admit Appellants' evidence that DOT had posted a warning sign after the accident because feasibility was not an issue raised by DOT, and Appellants were free to submit their own evidence as to the cost of erecting a sign. The trial court further noted that Appellants produced the testimony of four witnesses who stated that no warning sign existed at or near the approach to the bridge around the time of the accident. We agree with the trial court. Unlike *Hyndman,* DOT did not raise the issue of feasibility. Also, a new trial may not be granted where other evidence of the same facts was introduced by the party seeking a new trial. *Eldridge; Billings; Fox.*

Appellants also argue that the jury's finding that DOT's failure to post a warning sign was not negligence was against the weight of the evidence. With respect to the posting of a warning sign, there was evidence introduced that DOT was authorized to erect such a sign but that it was not mandatory. Also, expert testimony presented by DOT indicated that the bridge in question was not more susceptible to freezing than other bridges in the area. On the other hand, Appellants sought to prove through expert testimony that this particular overpass did freeze more than other bridges in the area, and that DOT should have erected a warning sign on the approach to the overpass.

We are mindful that the weight to be given evidence and the credibility of witnesses are questions for the factfinder. *O'Neill Steel Co., Inc.* Here the jury weighed the evidence and in rejecting the testimony of Appellants' expert witness concluded that DOT was not negligent in failing to erect a warning sign. This is clearly within the jury's factfinding powers. Accordingly, we must accept the jury's findings.

Therefore, the order of the Court of Common Pleas of Delaware County is affirmed.

### Order

AND NOW, this 2nd day of February, 1988, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed.