552 A.2d 718

Frank A. Nardo and June A. Nardo, Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued September 16, 1988, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*James H. Thomas*, with him, *Elizabeth Hambrick-Stowe, Blakinger, Byler, Thomas & Chillas, P.C.*, for petitioners.

*Michael H. Kline*, Assistant Counsel, with him, *John L. Heaton*, Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, December 6, 1988:

Frank A. Nardo and June A. Nardo (petitioners), petition for review of a decision made by the Pennsylvania Department of Transportation (DOT), denying an as-built application of a driveway onto a state highway. We affirm.

In their desire to develop a tract of ground for commercial purposes, petitioners had previously been issued by DOT, a highway occupancy permit to construct a driveway with curbing. The plan also defined the internal traffic pattern in the area. The area bordered a state highway from which traffic would enter and exit.

Subsequently, as petitioners developed the tract which included McDonald's restaurant, petitioners and McDonald's submitted for approval to the Township of Shrewsbury a plan which deviated from the plan permitted and approved by DOT. Upon inspection, DOT observed that the curbing along the west side of the driveway had been removed, and that an additional auxiliary driveway adjacent to the curb radius had been constructed, providing access to McDonald's.

Petitioners then submitted to DOT their application with as-built plans, seeking approval of the driveway construction. DOT treated this application as a resubmit-

tal of the initial application. DOT rejected the application, and petitioners appeal.

Since a state highway is involved, the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. §§670-420, makes it clear that the Secretary of Highways is the authority empowered to control the flow of traffic on all state highways. The ingress and egress from the tract to the state highway is a traffic safety factor controlled by the Secretary of Highways. This control would be meaningless unless it was accompanied by the power to control internal traffic at a shopping area which eventually empties into and enters from a state highway. In fact, regulation 67 Pa. Code §441.3 makes it mandatory that an applicant detail internal traffic circulation, parking and traffic signals. Such a regulation is a reasonable one designed to carry out the function of the Secretary of Highways.

But this right of the Secretary of Highways is not without limitation. It cannot be sustained if it unduly intermeddles with the rights of the abutting landowner. A landowner has a constitutional right of ingress and egress from an abutting highway to his property. *Breinig v. Allegheny County*, 332 Pa. 474, 2 A.2d 842 (1938).

Our scope of review is to determine whether the limitations on ingress and egress proposed by DOT are reasonable. The limitations must not be capricious, arbitrary, or unduly delimit and unreasonably intermeddle with petitioner's rights as an abutting property owner. *Hardee's Food Systems, Inc. v. Department of Transportation*, 50 Pa. Commonwealth Ct. 331, 413 A.2d 1, *vacated*, 495 Pa. 514, 434 A.2d 1209 (1980).

At the administrative hearing, professional engineering evidence was presented. Traffic counts were presented by both sides concerning the impact of the internal driveway traffic pattern on the safety factor at the point where traffic exited and entered the state highway.

The hearing officer found that the auxiliary cut creates confusion and improper traffic movement, affecting the safety of the motoring public. The officer found that the volume of daily traffic of a driveway dictates the design features as required by DOT. Additionally, the officer found that an internal auxiliary driveway, as proposed by petitioners, tempts vehicles to drive in the wrong directions. The officer concluded that this affects the flow of traffic which impacts on the safety and reasonableness of the as-built driveway access, and that this subsequently affects driveway access onto the state highway.

The fact finder determines credibility of the witnesses including experts, and the fact that he chooses to believe one over the other does not make his finding capricious or demonstrate that he deliberately ignored evidence. *Haas v. Department of Transportation*, 113 Pa. Commonwealth Ct. 218, 536 A.2d 865 (1988).

We evaluated the evidence on which the fact finder relied and conclude that a reasonable person would consider it adequate to support the findings that the state's regulations and design do not deny access, and DOT's decision is reasonable under the circumstances. The as-built traffic pattern would create safety problems.

Accordingly, we affirm.

### ORDER

NOW, December 6, 1988, the decision of the Pennsylvania Department of Transportation, No. 006 A.D. 1985, is affirmed.

Judge MACPHAIL did not participate in the decision in this case.