575 A.2d 973

**Gene POPPLE t/a Popple Brothers, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 1, 1990.

Decided June 5, 1990.

William A. Degillio, with him, John R. Sobota, Wilkes–Barre, for petitioner.

Michael H. Kline, Asst. Counsel, with him, John L. Heaton, Chief Counsel, Harrisburg, for respondent.

Trent Hargrove, with him, Jeffrey B. Clay, McNees, Wallace & Nurick, Harrisburg, for intervenors, Skyliner Enterprises, Inc. and Mary O. Occhipinti.

Before CRAIG and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

CRAIG, Judge.

Gene Popple, trading as Popple Brothers (permittee), seeks review of a determination of the Pennsylvania Department of Transportation (DOT) which approved the per-

mittee's application for a highway occupancy (driveway entry) permit, but upon the condition that the permittee pay for a traffic signal at the intersection of Route 315 and an access driveway for a diner/motel operated by Mary Occhipinti and Skyliner Enterprises, Inc. (objector).[1] We affirm.

The issue is whether the hearing officer abused his discretion or committed an error of law by approving the permittee's application under DOT regulations upon the condition that the permittee pay for the additional traffic signal at the objector's driveway.

In August of 1987, the permittee filed an initial application with DOT to install a high-volume driveway connecting the permittee's 33–acre tract with Route 315 in Pittston Township, Luzerne County. The permittee planned to develop the property commercially. The objector petitioned to intervene in September of 1987, stating that the application failed to insure better ingress and egress to the objector's property from the highway. The objector's diner and motel are located across the highway from the permittee's property. The objector has a valid driveway entry permit, which was issued by DOT in 1963.

After DOT initially approved the permittee's application on December 22, 1987, the objector initiated simultaneous actions for administrative and judicial relief. DOT then suspended the permittee's permit pending disposition of the objector's actions. The parties agreed to remand the matter to DOT for a formal administrative hearing. The objector then submitted proposal A–4, which would create a new medium-volume driveway for the objector, as well as traffic signals at both proposed driveways. The parties accepted proposal A–4, but failed to reach an agreement.

■ After an administrative hearing, the hearing officer issued a proposed report, which accepted the permittee's application as modified by proposal A–4. The proposed report also directed the permittee to pay approval and installation costs for the traffic signal at the objector's

1. The objector acts as intervenor in this matter.

driveway, as well as at the permittee's driveway. The permittee filed exceptions to the proposed report, which DOT denied by its January 18, 1989 order, as amended by DOT's February 22, 1989 order, and this appeal followed.[2]

The following exhibit illustrates the two proposed driveways and the traffic signals governing those driveways, as outlined in proposal A–4. [Publisher's note: See appendix for exhibit.]

The permittee contends that, under DOT's regulations, approval of the permit application cannot be conditioned upon the permittee's payment for the traffic signal at the objector's driveway.

■ Initially, we note that, when reviewing the validity of an agency's interpretation of its own regulations, that interpretation controls unless erroneous or inconsistent with the regulation, or inconsistent with the statute under which the agency promulgated the regulation. *Centennial School District v. Commonwealth of Pennsylvania, Department of Education*, 94 Pa. Commonwealth Ct. 530, 503 A.2d 1090 (1986), *aff'd*, 517 Pa. 540, 539 A.2d 785 (1988).

DOT's applicable regulation, at 67 Pa.Code § 441.6(4)(i), states that:

The following conditions shall apply to permits issued under the provisions of this chapter (relating to access to and occupancy of highways by driveways and local roads):

. . . .

(4) *Permittee responsibilities.* Permittee responsibilities shall be as follows:

(i) The permittee shall pay all fees, costs, and expenses incident to or arising from the project, including the

2. Our scope of review in an appeal from an administrative agency's adjudication is limited to determining whether any constitutional rights were violated, and errors of law were committed, or whether substantial evidence supports the agency's findings. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Hardee's Food Systems, Inc. v. Department of Transportation*, 495 Pa. 514, 434 A.2d 1209 (1981).

cost of related highway improvements which increased traffic or surface drainage may necessitate.

■ DOT promulgated this regulation under section 420(a) [3] of the State Highway Law, which states that "[T]he secretary is empowered to make *reasonable* rules and regulations governing the use of all State highways, and, by the placement of official traffic control devices, or curbs, medians or other physical barriers, may control the flow of traffic thereon." (Emphasis added.) Although DOT does not have unlimited regulatory power under this statute, any reasonable regulation which carries out the statute's general purpose to promote public safety and welfare must be upheld. *See Nardo v. Commonwealth of Pennsylvania, Department of Transportation*, 123 Pa. Commonwealth Ct. 41, 552 A.2d 718 (1988).

In *Commonwealth of Pennsylvania, Department of Transportation v. Longo*, 98 Pa. Commonwealth Ct. 120, 126, 510 A.2d 832, 835 (1986), *aff'd*, 512 Pa. 639, 518 A.2d 265 (1986), DOT required an owner of a driveway abutting a state highway to obtain a permit and post "no left turn" signs at his own expense. Moreover, in *Nardo*, DOT denied a permittee's application for approval of an as-built driveway which deviated from the permittee's original plans approved by DOT. In both *Longo* and *Nardo*, this court concluded that DOT's actions were a reasonable exercise of its regulatory power under the statute.

■ In this case, the hearing officer stated that, although he could not force the permittee to modify the initial application to conform to A–4, he could reject the initial application because it made no acceptable provision for the objector. Thus, the hearing officer held that the permittee must modify the initial application to conform with A–4 in order to proceed with the project. Moreover, regarding the cost of the traffic signal at the objector's driveway, the hearing officer's proposed report stated as follows:

3. Act of June 1, 1945, P.L. 1242, *as amended,* 36 P.S. § 670–420(a).

This leaves the matter of the second traffic signal to be placed at the [objector's] new driveway. It appears to us that, as the motivating force behind these changes is [the permittee,] it is their burden to improve the intersection. In that regard, we impose the necessary costs of the traffic signal upon [the permittee.] For its part, [the permittee] is better off, for as we previously stated, were we to limit our decision to the original application, [the permittee] would come away with nothing.

Because DOT's determination is a reasonable exercise of its regulatory power under 67 Pa.Code § 441.6(4)(i), as promulgated under section 420 of the State Highway Law, *Longo*, we conclude that the hearing officer committed no abuse of discretion or error of law.

Accordingly, we affirm DOT's determination in this matter.

## ORDER

NOW, June 5, 1990, the administrative order of the Commonwealth of Pennsylvania, Department of Transportation, dated January 18, 1989, No. 002 A.D.1988, as amended by the administrative order, dated February 22, 1989, No. 002 A.D.1988, is affirmed.

Former President Judge CRUMLISH, Jr., did not participate in the decision in this case.

# APPENDIX